## TERENCE G. SMITH, on Application for Writ of Habeas Corpus.

Whilst our statute authorizes ministerial officers to carry into effect the judgments of criminal courts in all cases where the punishment is less than death, upon receipt of a certified copy of the judgment or sentence, thus dispensing with the necessity of a regular warrant for execution, still it does not prevent the officer from proceeding to execution of the judgment upon receipt of a formal warrant reciting the judgment of the Court, and requiring the officer to execute that judgment.

The judgment in a criminal case recites that the prisoner was brought into Court, and plead guilty, "whereupon the Court sentenced the said Terence G. Smith," etc. Whether this record shows affirmatively that there was no interval of time between the plea of guilty and sentence, query ?

If it does, it only shows error on the part of the Court, and defendant should have excepted to the action of the Court, and taken an appeal if dissatisfied. *Habeas corpus* is not the proper remedy to correct errors.

Oral evidence is not admissible to show error in the proceedings of the Court below.

MATTER of *Habeas Corpus* on petition of Terence G. Smith to the Supreme Court of Nevada.

*Thomas Wells*, for Petitioner.

The judgment was void for the reason that an interval of six hours did not transpire, as the statute requires, between the plea of guilty and the sentence passed by the Court.

The Warden of the Penitentiary, under the statute, is only authorized to detain a prisoner in custody when he has a copy of the judgment ordering the imprisonment. The return of the Warden not showing any copy of the judgment against Smith, shows no authority to hold him.

The Court had no jurisdiction to enter judgment until the expiration of six hours after plea entered.

*George A. Nourse, Attorney General,* for the State.

Opinion by BEATTY, J., LEWIS, C. J., concurring.

In this case, the prisoner asks to be discharged from the State Prison, where he has been confined for some months past, and bases his petition upon two grounds :

First. That he is not held by any legal commitment or legal authority.

Second. There has been no legal judgment of imprisonment against him.

After sentence was pronounced against the prisoner, a regular order of commitment was made out, and he was carried to the State Prison, and delivered into the custody of the Warden, who also received at the same time with the prisoner, the order of commitment, which is in the following words :

" The defendant, Terrence G. Smith, having been indicted by the Grand Jury of the Fourth District Court of Washoe County aforesaid for grand larceny, and the said Terence G. Smith, having been duly arraigned on said charge before the above entitled Court, entered his plea of guilty, whereupon the Court sentenced the said Terence G. Smith to one year's imprisonment in the State Prison to hard labor, and that the Sheriff of this County take said Smith, within ten days from the date hereof, to the State Prison, and that the term of said imprisonment date from the time of his delivery at the State Prison.

" Now, therefore, it is ordered, adjudged, and decreed that the Sheriff of this County, within ten days from this 4th day of June,

A.D. 1866, take Terence G. Smith to the State Prison, and deliver him to the State Prison Warden, and that he be there confined one year from the date of his delivery there, to hard toil."

The prisoner's counsel contends this warrant is insufficient, because the four hundred and fifty-first section of the Criminal Practice Act says :

" When a judgment has been pronounced, a certified copy of the entry thereof in the minutes shall be forthwith furnished to the officer whose duty it is to execute the judgment, and no other warrant or authority is necessary to justify or require the execution thereof, except where judgment of death is rendered."

This section requires the Clerk of the Court to do a certain thing, that is, to furnish the officer or officers who are to execute the sentence forthwith with copies of the judgment to be enforced. Doubtless, in this case, the Clerk should have given one copy of the judgment to the Sheriff to authorize him to conduct the prisoner to the State Prison. He should also have sent another to the Warden of the Prison to authorize him to detain the prisoner in custody. But the failure of the Clerk to furnish these papers could not destroy the effect of the judgment of the Court.

Whilst we do not have before us by the return of the Warden a full copy of the judgment, we have a regular commitment under the seal of the Court, properly attested, reciting all the material part of the judgment, and showing fully the authority of the Warden to hold the prisoner.

The four hundred and fifty-first section does not say a prisoner shall not be held unless the officer has a copy of the judgment, but merely dispenses with a more formal warrant in all cases except where the penalty is death. It does not vitiate or render unavailing a formal warrant reciting the judgment or the material portions thereof, and commanding the proper officer to carry it into effect. It only states what may be a substitute for such a warrant.

The legality of the judgment is contested on the ground that the sentence or judgment was passed in less than six hours after the plea of guilty was entered. The record of the case recites that the prisoner was brought into Court and plead guilty, " whereupon the Court sentenced the said Terence G. Smith," etc.

The counsel for prisoner contends that this recital sufficiently

shows that there was no interval of time between the plea and sentence, but that the one followed immediately after the other. He further purposed to show, by oral testimony, that there was no interval, but that sentence was passed immediately after the plea was entered. The Attorney General admitted that such fact could be proved, and that it should be considered proved, if it was lawful to introduce oral testimony for the purpose of attacking the judgment.

Whether the recital above quoted does or does not sufficiently show that the sentence immediately followed the plea without the intervention of time which the statute (secs. 435–6 of the Criminal Practice Act) requires, it is not now material to determine. If it does, it would at most but show error or irregularity on the part of the Court below in not fixing a subsequent time for the passing of sentence. Such error must be taken advantage of in the manner prescribed by statute. The defendant should, in due time, have excepted to the action of the Court and taken his appeal to this Court. *Habeas corpus* is not the proper writ to review the decisions of a District Court, and correct its errors or amend its irregularities. For the distinction between *unlawful* acts and those which are merely erroneous or irregular, see Hurd on *Habeas Corpus*, pages 331 to 333. The proposition to introduce oral evidence to show error in the proceedings of the Court below is to us a novel one, to say the least of it. Oral evidence is sometimes introduced in connection with the judgment record to show what was litigated by the parties ; to show the facts more fully than they would be shown by the record. But oral evidence is never admitted to contradict the record, or to show error in the Court rendering a judgment.

The prisoner must be remanded to the custody of the Warden of the State Prison, there to remain until the expiration of the term for which he was sentenced, or until otherwise legally discharged.

Special concurrence by BROSNAN, J.

I concur in this opinion merely upon the ground of the confession of guilt of the prisoner in open court.