STATE OF NEVADA, Appellant, *v.* W. H. ANDERSON, Respondent.

That part of the indictment which, under the statutory form, first charges that a defendant has committed a certain crime, is merely formal; and if the body of the indictment sufficiently shows the offense charged, and the facts constituting the offense, it will be held good, notwithstanding any defect in the first clause.

The first clause in the indictment may charge that the defendant has committed a certain crime, (giving its technical name, if it has one) or it may simply charge that he has committed a felony, or has committed a misdemeanor, as the case may be.    It is not indispensable in this clause to give the name or description of the offense charged.    Nor when the name and description is given, is it necessary to say whether it is a felony or a misdemeanor.

The omission of the word *necessary* from the body of the indictment where the offense is charged, is not a fatal defect.    To say a weapon is not drawn in self-defense, is a broader and stronger expression than to say it is not done in *necessary* self-defense.    The latter is included within the former expression.

Under the provisions of our Criminal Practice Act it is not necessary to use the exact words of the statute in defining a statutory offense.    Words of similar import will suffice.

APPEALED from the District Court of the Sixth Judicial District, Hon. WM. H. BEATTY, presiding.

*P. B. Rankin*, District Attorney of Lander County, for Appellant.

The want of a proper description of the offense in the caption of the indictment is immaterial, if it be properly described and charged in the body of the indictment.

The indictment is drawn in conformity to the requirements of the statute, and if there be any defect in form it could not prejudice the defendant; consequently under provisions of Sec. 589 of Practice Act, it does not invalidate the indictment.   (See 14 Cal. 572, and 20 Cal. 117.)

The defect, if any, being in the caption and not the body of the indictment, is avoidable.   (See Arch. Crim. Practice and Pleadings, 255–60.)

Self-defense is more comprehensive than *necessary* self-defense. The major includes the minor.

*Geo. A. Nourse*, Attorney General, on the same side.

The indictment is good.   It complies with the requirements of Secs. 234–5–6 of the Criminal Practice Act.   It only errs in giving a wrong name to the offense; the description of the acts constituting the offense are properly set out.

Whilst the statute gives a form which *may* be followed, it is not disputed that a common law indictment is good.   Treating the caption where the misdescription of the offense occurs as surplusage, there still remains a good indictment, which meets all the requirements of Sec. 236.

At common law, it was never necessary to name the offense committed.

It was sufficient if the indictment described the acts constituting the offense.

There is no brief on file in behalf of Respondent.

Opinion by LEWIS, J., BEATTY, C. J., concurring.

The defendant was indicted under Sec. 40 of an Act entitled " An Act concerning Crimes and Punishments," approved November 26th, 1861, being charged with the crime of drawing and exhibiting a deadly weapon in a rude, angry and threatening manner, not in necessary self-defense. It seems to have been the purpose to draw the indictment in conformity with Sec. 235 of the Criminal Practice Act, and it commences by charging that " William H. Anderson is accused by the Grand Jury of the County of Lander and State of Nevada, by this indictment, of the crime of drawing and exhibiting a deadly weapon in a rude, angry and threatening manner, committed as follows ;" then follows a statement of the facts constituting the crime of which the defendant is charged, which, without what is quoted above, would constitute the body of a good common law indictment.

The defendant interposed a demurrer, claiming the indictment to be insufficient. First, because in that portion of it which we have set out he is not charged with any crime known to the law, in that it does not show that the weapon was not drawn and exhibited in *necessary self-defense ;* and secondly, because in the body of the indictment he is charged with having so drawn and exhibited the weapon in a " rude, angry and threatening manner, and not in the self-defense of him, the said William H. Anderson," whilst it should have charged that it was not drawn and exhibited in his *necessary* self-defense. The Court below sustained the demurrer, and the State appeals. With the exception of these two defects the indictment appears to be formal and sufficient. Whether these defects were sufficient to justify the Court below in sustaining the demurrer, is the question now to be determined. We are of the opinion they were not.

That part of the indictment charging the defendant with the commission of a crime by name, and which we have already quoted, is simply formal, and could be omitted entirely. It is only a conclusion from the facts which are afterwards recited. It was not required at the common law, and it has been frequently held in California, upon a Practice Act similar to ours, that an indictment in the common law form is good. The two hundred and thirty-fifth section does not make it absolutely necessary to follow the form

there prescribed. It only provides that it may be substantially in that form.

But the two hundred and forty-third section of the same Act declares what shall be deemed a good indictment, and that presented in this case seems fully to meet its requirements. It shall be sufficient if it " can be understood therefrom : first, that it is entitled in a Court having authority to receive it, though the name of the Court be not accurately set forth ; second, that it was found by a Grand Jury of the District in which the Court was held ; third, that the defendant is named, or if his name cannot be discovered, that he be described by a fictitious name, with a statement that he has refused to discover his real name ; fourth, that the offense was committed at some place within the jurisdiction of the Court ; fifth, that the offense was committed at some time prior to the finding of the indictment ; sixth, that the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended ; seventh, that the act or omission charged as the offense is stated with such a degree of certainty as to enable the Court to pronounce judgment upon a conviction, according to the right of the case." The indictment in this case is entitled in the District Court for the County of Lander, which had the authority to receive it. It was found by a Grand Jury impanneled for that county. The defendant is correctly named. It is charged that the offense was committed in the County of Lander and State of Nevada ; that it was committed prior to the finding of the indictment ; and the acts constituting the crime are clearly and distinctly set out in ordinary and concise language, and in a manner so as to make it easily understood ; of that there seems to be no question, except so far as has been already mentioned ; and finally, the whole is charged with all the certainty possible. Surely, then, if this section of the Practice Act amounts to anything, the indictment is sufficient, for it fully meets all of its requirements.

By the form prescribed in the statute, it will be observed the defendant may be charged in that part of the indictment which has been quoted with the crime for which he is indicted by name, or

with having committed a " felony or misdemeanor," as the case may be.   When all the facts constituting the crime are clearly, fully and artistically charged in the body of the indictment, to require the statement in the commencement that defendant is charged with a " felony" or " misdemeanor" would seem to be entirely unnecessary.   As no such charge is necessary at common law, the question of whether the crime charged was a felony or a misdemeanor being determined by the facts stated and the technical words employed, we are not disposed to hold an indictment insufficient from which that part is entirely omitted, or in which it is informally stated. Nor is the omission of the word "necessary," in the description of the offense in the body of the indictment, in any way material.   It is charged that the weapon was not drawn and exhibited in " self-defense."   This is a broader and stronger negative than the statute requires, for if it was not drawn in " self-defense" it certainly was not in "necessary self-defense."   The words employed in the indictment include those of the statute, and are therefore sufficient. Whilst it appears to be the object of the Criminal Practice Act to retain the substance and all the material allegations of the common law indictment, it seems to be no less its object to sweep away all unsubstantial and immaterial requirements.

It is not necessary under our practice, as it was at common law, to charge a statutory offense in the exact language of the statute defining it.   Sec. 242 declares that any words of the same import may be employed.

The judgment sustaining the demurrer is reversed.