[No. 1562.]

## Ex Parte H. A. GAFFORD.

CRIMINAL LAW—SENTENCE. In the absence of a statute to the contrary, a sentence to imprisonment for a definite term is not void because it fails to state when the term begins.

IDEM—IDEM—SECOND OFFENSE. Where the second sentence of a defendant already sentenced for another offense fails to state the commencement of the term, it will run concurrently with the first.

IDEM—IDEM—JOINT TRIAL—HABEAS CORPUS. Under General Statutes (1885), 4240, 4293, providing that two or more defendants may be jointly indicted and convicted for the same offense, a sentence against two defendants jointly on a joint verdict, is not void, the court having jurisdiction, though the same may be erroneous, but whether erroneous or not, cannot be determined on *habeas corpus*.

IDEM—HABEAS CORPUS—APPEAL. *Habeas corpus* proceedings cannot be used to authorize the exercise of appellate jurisdiction.

APPLICATION for writ of *habeas corpus*. Denied.

The facts sufficiently appear in the opinion.

*Samuel Platt*, for Petitioner.

*W. D. Jones*, Attorney-General, *contra:*

I. There is nothing in the statute that prohibited the court from pronouncing judgment on the petitioner, by reason of the petitioner having been jointly indicted and convicted. Nor does the statute require that a second sentence shall

commence at any definite future period. Section 447 of the criminal practice act (Gen. Stats. 4327) is the only statute on the subject, and that has no application to this case. If it had, it is directory only. (*Ex Parte Kirby*, 76 Cal. 514; *People* v. *Furbes*, 22 Cal. 135; 42 Fed. 829; 11 Utah, 119; 24 Wis. 492.)

II. The joint sentence of the petitioner was, at most, error or irregularity on the part of the court below in not passing judgment on the petitioner separately. Such error must be taken advantage of in the manner prescribed by statute. The defendant should, in due time, have excepted to the action of the court and taken his appeal to this court. *Habeas corpus* is not the proper writ to review the decisions of a district court and correct its errors or amend its irregularities. (*Ex Parte Smith*, 2 Nev. 341; Hurd on Habeas Corpus, 331 to 333.)

III. A joint sentence is not in violation of the statute. It cannot be found in the statute that the sentence must be several. A person imprisoned is not to be discharged on *habeas corpus*, unless the sentence exceeds the jurisdiction of the court, or there is no authority to hold the prisoner. (9 Ency. Pl. & Pr. 1044; *Ex Parte Wilson*, 114 U. S. 417; *Johnson* v. *Sayre*, 158 U. S. 109; 150 U. S. 637.)

IV. A judgment in a criminal case, showing the parties thereto, the court in which it was rendered, directing the term of imprisonment, the prison in which defendant is to be confined, and reciting the offense for which the prisoner is to be punished, is all the statute requires. (*Ex Parte Salge*, 1 Nev. 449.)

V. The judgment in this case, made a part of the petition, clearly shows the parties thereto, the court in which it was rendered; it directs the term of imprisonment to be for the term of seven years, in the state prison of the State of Nevada, and recites the offense for which the prisoner is to be punished as the crime of an assault with intent to kill.

VI. The facts show, clearly, in the petition for the writ, that the petitioner is confined in the state prison of the State of Nevada, under and by virtue of that judgment, and that is the end of the case. (10 Nev. 264; 11 Nev. 287.) Erroneous sentences rendered by inferior courts having jurisdic-

tion of the person and subject matter cannot be successfully attacked upon *habeas corpus*, unless they are so far erroneous as to be absolutely void. (9 Am. & Eng. Ency. of Law, p. 222.)

By the Court, Bonnifield, C. J.:

Petitioner alleges that he is illegally restrained of his liberty by the warden of the state prison. It is shown that on the 26th day of January, 1895, the petitioner was duly sentenced by the district court of Washoe county to serve a term of four years in said prison for the crime of an attempt to break jail; second, that on the 5th day of May, 1895, the petitioner and one Seward Leeper, upon a joint indictment, trial, and conviction for the crime of an assault with intent to kill, were jointly sentenced by said court to serve a term of seven years in said prison, that it was not specified when said second term should begin, and that the petitioner has fully served said first term.

Counsel contends that the second sentence is void for uncertainty, in that it neither provides that the second term shall begin at the expiration of the first, nor at any other specified time. But a sentence which does not specify any time for the imprisonment to commence is not void. The better practice is not to fix the commencement of the term, but merely to state its duration and the place of confinement, where the statute does not otherwise provide. (*State* v. *Smith*, 10 Nev. 106; Bish. New Cr. Proc. 804, and cases cited.)

Where the defendant is already in execution on a former sentence, and the second sentence does not state that the term is to begin at the expiration of the former, the second will run concurrently with the first, in the absence of a statute providing a different rule. (21 Am. & Eng. Enc. Law, 1075, note 4.)

The second contention is that where two or more defendants are convicted under a joint indictment, they must be separately sentenced; that the said second sentence being against said two defendants jointly, and not against each separately, it is void, in that it was not within the jurisdiction of the court. Under the statute, two or more defendants may be jointly indicted and tried for the same public offense;

and, if the jury cannot agree upon a verdict as to all, they may render a verdict as to those in regard to whom they do agree, on which a judgment shall be entered accordingly, and the case as to the rest may be tried by another jury. (Gen. Stats. 4240, 4293.)

The court had jurisdiction of the subject matter embraced in the indictment, and of the defendants, and jurisdiction to enter judgment against the defendants on the joint verdict of the jury of guilty. The court having such jurisdiction, its judgment or sentence is not void, however erroneous it may be. But whether erroneous or not, this court cannot determine on. *habeas corpus*. *Habeas corpus* proceedings cannot be used to authorize the exercise of appellate jurisdiction.

"We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until reversed, and, when the imprisonment is under process valid on its face, it will be deemed *prima facie* legal; and, if the petitioner fails to show a want of jurisdiction in the magistrate or court whence it emanated, his body must be remanded to custody." (*Ex Parte Winston*, 9 Nev. 71, and authorities there cited.)

Gen. Stats. 3689, provides that it shall be the duty of the judge, on the hearing, in case of *habeas corpus*, if the time during which the party may be legally detained in custody has not expired, to remand such party if it shall appear that he is detained in custody by virtue of the final judgment of any competent court of criminal jurisdiction, or of any process issued upon such judgment.

The writ issued herein is dismissed, and the petitioner remanded to the custody of the warden of the state prison.