## CUSTER v. CUSTER.

No. 2358.   Decided August 17, 1912.   On Application for Rehearing
October 8, 1912 (126 Pac. 880).

1. DIVORCE—APPEAL—TIME FOR TAKING—FINAL AND INTERLOCUTORY
DECREES.   An appeal from a final decree of divorce, based
solely on the findings of fact and conclusions of law on which
the interlocutory decree was based, taken more than six months
after the interlocutory decree, but within six months after the
final decree, does not bring up for review the proceedings
resulting in the interlocutory decree, or findings of fact and
conclusions of law on which it is based.[1]   (Page 576.)

ON APPLICATION FOR REHEARING.

2. DIVORCE—GROUNDS—DESERTION—ADULTERY.   In an action by a
wife for separate maintenance on the ground of desertion, the
husband filed a counterclaim for divorce on the ground of her
desertion, and she counterclaimed by charging the husband with
adultery.   The court granted an interlocutory decree of divorce
in favor of the husband on findings that the wife, without
cause, deserted him and lived apart from him for several
years, when she married another man and cohabited with
him, and that the husband, believing, in good faith, the in-
formation received by his daughter and son-in-law that the
wife had obtained a divorce and had married another man,
married another woman and cohabited with her.   The court,
after the filing of the interlocutory decree, filed a finding that
there was no evidence that since the commencement of the
action the husband had cohabited with the other woman, but
he had lived with her as his wife prior thereto, and there-
after granted the husband a final decree of divorce.   Held,
that the finding filed after the interlocutory decree was not in-
consistent with the findings on which the interlocutory decree
was granted; and on an appeal taken more than six months
after the rendition of the interlocutory decree, but within six
months of the rendition of the final decree, the findings on
the interlocutory decree, on which the final finding was based,
cannot be reviewed.   (Page 577.)

APPEAL from District Court, Third District; *Hon. M. L.
Ritchie*, Judge.

Action by Minnie C. Custer against Ernest L. Custer.

---

[1] Parsons v. Parsons, 40 Utah, 602, 122 Pac. 907.

Judgment for defendant.    Plaintiff appeals.

AFFIRMED.

*James D. Pardee* for appellant.

*Powers & Marioneaux* and *J. W. McKinney* for respondent.

McCARTY, J.

Plaintiff brought this action against defendant for separate maintenance on the ground of desertion. The defendant answered, denying that he had deserted plaintiff. He also filed a counterclaim for divorce on the ground that plaintiff, without cause, had deserted him. The plaintiff filed a reply to the answer and counterclaim of defendant, denying the allegations of desertion, and charging the defendant with adultery with one Marie Custer. The court found on the issues thus made up in favor of the defendant, and on the 6th day of December, 1910, rendered judgment in favor of defendant dissolving the marriage relation theretofore existing between the parties. On January 9, 1911, the findings of fact, conclusions of law, and interlocutory decree were filed. On July 20, 1911, the final decree, based on the same findings of fact and conclusions of law as the interlocutory decree, was duly filed and entered of which the plaintiff had notice. On January 10, 1912, plaintiff filed and served notice of appeal to this court.

Respondent has filed a motion to dismiss the appeal, on the ground that it was not taken within six months from the time plaintiff received notice of the finding and entry of the interlocutory decree. No new or additional findings of fact or conclusions of law were made and filed in the case after the filing of the interlocutory decree. Nor does the final decree contain any matter not found in the interlocutory decree. In fact, appellant, by her assignments of error, does not seek to review any matter not contained

in the interlocutory decree, or in the findings of fact and conclusions of law upon which it is based.

As we have observed, the interlocutory decree was filed and entered January 9, 1911. The appeal was taken January 10, 1912, more than a year after the filing of that decree. Therefore none of the proceedings leading up to and resulting in the interlocutory decree are before this court for review. The case comes clearly within the doctrine announced in the case of *Parsons v. Parsons,* 40 Utah, 602, 122 Pac. 907, recently decided by this court. In that case it is said:

"And since plaintiff's appeal is only from the final decree, and since she seeks no review of any proceeding resulting in that decree, and seeks a review only of proceedings resulting in the interlocutory decree, from which no appeal has been, and could not have been, taken at the time of this appeal, it follows that there is no reviewable question before the court."

The appeal in this case having been taken within six months from the time of the filing of the final decree, the motion to dismiss must be overruled; but, as the appeal presents no question for review, the judgment of the lower court is affirmed, with costs to respondent.

FRICK, C. J., and STRAUP, J., concur.

ON APPLICATION FOR REHEARING.

McCARTY, J.

Appellant has filed a petition for rehearing. In the petition her counsel vigorously contends that the final decree rendered in the case is not supported by, but is contrary to, the findings of facts upon which it is based; and that the "final decree, as entered by the lower court, should have been in favor of the plaintiff (appellant) and against the defendant." Counsel, in his original brief filed in the case, said: "The assignment of errors specifically mentioned several errors; but one point made for the reversal of the case is based upon the general proposition that the first conclusion of law and the *interlocutory and final decree* are

not supported by the findings of fact." From this we concluded, and in the foregoing opinion stated, that "appellant, by her assignment of errors, does not seek to review any matter not contained in the interlocutory decree, or in the findings of fact and conclusions of law upon which it is based." In the petition for a rehearing, counsel says that appellant "does not seek, nor does she attempt, to review any of the findings of fact, conclusions of law, or interlocutory decree, or proceedings resulting in the interlocutory decree." The claim now made, if we correctly understand counsel's position, is that the final decree is contrary to the court's finding of fact No. 13, which was made and filed in the case several months after the interlocutory decree was rendered and entered. This finding of fact, which in no way changes or modifies the findings of facts upon which the interlocutory decree was based, is as follows:

"There is no evidence that on February 18, 1910, or that at any time since that date, Ernest L. Custer, the defendant, has been living in adultery with one Marie Custer, or has committed acts of adultery with her; but it appears that for a long time prior to October 27, 1909, the defendant lived with said Marie Custer and held her out to the public as his wife, and that after that time he continued to live in the same house in which said Marie Custer resided since this action was commenced."

The findings of fact upon which the interlocutory decree was based, so far as material here, are as follows:

"That plaintiff and defendant were married, one with the other, in Germany on the 27th day of February, 1872, and ever since said date said parties have been and now are husband and wife.

"That at Denver, Colorado, in 1892 or 1893, said parties separated one from the other; each party being, in some measure, to blame for the difficulties which resulted in the separation.

"That in 1896 plaintiff came to Salt Lake City, Utah, where defendant was then residing, and at that time a complete reconciliation was effected between said parties, and

said parties lived together for a brief period of time; that said defendant rented and furnished a house for plaintiff and the two children of said parties, and provided his said family with the necessaries of life, and in accordance with his earnings and his station in life.

"That during the latter part of 1896 or early in 1897 said plaintiff, without cause or justification, and without sufficient cause or justification, deserted and abandoned defendant and went to Butte, Montana, and ever since said time said plaintiff has continued to desert and abandon defendant, and to live separate and apart from defendant, without sufficient cause or justification, and has made no effort to be reconciled to defendant.

"That in May, 1903, said plaintiff and one John P. Schmidt had a marriage ceremony performed between them at Denver, Colorado, and said plaintiff and said Schmidt thereafter lived and cohabited together as wife and husband for a period of several months, and that thereafter said Schmidt left and abandoned said plaintiff.

"That the daughter and son-in-law of said plaintiff and defendant witnessed said marriage ceremony between plaintiff and said John Schmidt, and that thereafter said daughter informed defendant that plaintiff had secured a divorce from defendant in Montana, and that plaintiff had married said Schmidt at Denver, Colorado; said daughter being present at the ceremony.

"That after being informed by said daughter that plaintiff had secured a divorce from defendant and had married again, said defendant had a marriage ceremony performed between himself and one Marie L. Custer at Salt Lake City, Utah; that in having said ceremony performed said defendant acted in good faith, and had said ceremony performed innocently and in the belief that he could legally do so, and without any criminal intent."

It will be observed that the finding of fact No. 13 is substantially the same as the last finding of fact above quoted.

Now, the foregoing findings of facts show that appellant, "during the latter part of 1896 or early in 1897," without

cause or justification, deserted and abandoned respondent, and ever since has continued to live separate and apart from him; that in 1903 appellant and one Schmidt had a marriage ceremony performed between them at Denver, Colorado, and thereafter lived and cohabited together as husband and wife. Clearly, under these findings of facts, which are not, and cannot now be, assailed, a decree granting appellant a divorce would not be permissible. We are clearly of the opinion that the findings of facts, considered in their entirety, fully support the decree of the ower court.

The petition for a rehearing is therefore denied.

FRICK, C. J., and STRAUP, J., concur.