# REPORTS OF CASES

### DETERMINED IN

# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

### OCTOBER TERM, 1912

[No. 2026]

## STATE OF NEVADA, RESPONDENT, *v.* C. W. KING, APPELLANT.

1. LEWDNESS—STATUTORY OFFENSE—INDICTMENT.

   An indictment alleging that accused wilfully, unlawfully, and feloniously lived with a female named, the female being a common prostitute, charges the offenses denounced by Rev. Laws, 6445, punishing every person who shall live with a common prostitute.

2. INDICTMENT AND INFORMATION — STATUTORY OFFENSES — SUFFICIENCY.

   An indictment charging an offense in the language of the statute on which it is based is sufficient, where the statute sets forth, without uncertainty, the elements necessary to constitute the offense.

3. PROSECUTING ATTORNEY—ARGUMENT.

   Remarks of the district attorney in argument based on the evidence in the case will not be regarded as improper.

4. APPEAL AND ERROR—ASSIGNMENTS, WHEN DISREGARDED.

   Assignments of error not referred to in brief or oral argument do not require consideration.

APPEAL from the Second Judicial District Court, Washoe County; *Thomas F. Moran*, Judge.

C. W. King was convicted of the crime of living with a common prostitute, and appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Mark Walser,* for Appellant:

The indictment does not contain any statement of facts constituting the offense. The living with might have been innocent of wrong doing. It might have been under the sanctity of marriage. It might have been under the relationship of landlord and tenant, or in many ways not in contemplated violation of the law. Had the defendant pleaded guilty, it would have been manifestly impossible for the court to know, from the indictment, in what manner the defendant committed the offense with which he is charged. (Rev. Laws, 7050; *State* v. *Topham,* 123 Pac. 888.)

The want of a direct allegation of anything material to the description of the subject, nature or manner of the offense cannot be supplied by any intendment or implication. (*State* v. *Logan,* 1 Nev. 89, 110; *People* v. *Seviers,* 14 Cal. 29; *People* v. *O'Brien,* 96 Cal. 171.)

Even if the exact language of the statute is followed, it may be insufficient. (*People* v. *Conness,* 150 Cal. 114.) When an act becomes criminal only when performed with particular intent, that intent must be alleged and proved where specific intent is an element of the offense. No presumption of law will ever decide the question of intent. (*People* v. *Johnson,* 39 Pac. 622; *Board of Medical Examiners* v. *Eisen,* 123 Pac. 52.)

In order that an information merely in the words of the statute may be sufficient, the words of the statute themselves "must fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished, and must state all the material facts and circumstances embraced in the definition of the offense." (*Evans* v. *United States,* 153 U. S. 587; *United States* v. *Carrl,* 105 U. S. 611; *People* v. *Perales,* 141 Cal. 581; *Commonwealth* v. *Milby,* 24 S. W. 625; *State* v. *Frazier,* 53 Kan. 87.)

The indictment contains the word "wilfully" which in law means "knowingly," and having been plead, it then became necessary for the state to establish by testimony that the defendant knew Mildred Deneve was

a common prostitute, and so knowing "did live with her." "Wilfully" is a strong word, much stronger than "intentionally." It means governed by will, obstinate. (*Johnson* v. *State*, 61 Ala. 9; *Garza* v. *State*, 47 S. W. 983; *Green* v. *State*, 122 Pac. 1108.)

"To live with" means that the parties must actually "dwell and abide together." (*Bird* v. *State*, 11 S. W. 641; *Massey* v. *State*, 66 S. W. 911.)

An information charging a person with being a common prostitute without stating any fact or circumstance showing or tending to show she was a prostitute, is insufficient. (*Delano* v. *State*, 66 Ind. 348, 32 Cyc.)

*Cleveland H. Baker*, Attorney-General, for Respondent:

The indictment is in proper form. (Rev. Laws, 7051; *State* v. *Millain*, 3 Nev. 409; *State* v. *Chamberlain*, 6 Nev. 257; *State* v. *Harkin*, 7 Nev. 377; *State* v. *Johnny*, 29 Nev. 203.)

The indictment contains all of the requirements of sections 7050 and 7058 of the Revised Laws. (*People* v. *Logan*, 1 Nev. 110; *State* v. *Anderson*, 3 Nev. 254; *State* v. *Harris*, 12 Nev. 414; *State* v. *Carrick*, 16 Nev. 120; *State* v. *Angelo*, 18 Nev. 425; *State* v. *Clark*, 32 Nev. 145.)

Matters of evidence need not be pleaded. (*State* v. *Collyer*, 17 Nev. 275.) Indictments should be interpreted liberally. (*State* v. *Lovelace*, 29 Nev. 43.) "Feloniously" means "done with intent to commit a crime." (*State* v. *Clark*, 22 Nev. 145.) The word "feloniously" sufficiently alleges knowledge. (*State* v. *Barker*, 43 Wash. 69.)

It is not necessary to allege that appellant had any knowledge of the character of the woman with whom he is charged with living. (*State* v. *Zenner*, 35 Wash. 249.)

"Wilfully" means not only "knowingly," but also means "voluntarily and with a bad purpose"; "intentionally as distinguished from accidental or involuntary"; "is sufficient to allege criminal intent"; "deliberately"; "doing a thing by design." It also signifies "evil intent" or "malice." (8 Words & Phrases, pp. 746, *et seq.*, and cases cited.)

*Per Curiam:*

By Revised Laws, section 6445, it is provided: "Every person who * * * 5. Shall live with * * * a common prostitute * * * shall be punished," etc.

Appellant was indicted by the grand jury of Washoe County for the crime of "felony, to wit, living with a common prostitute"; the charging part of the indictment reading: "That said defendant * * * did then and there, wilfully, unlawfully, and feloniously, live with one Mildred Deneve; the said Mildred Deneve being then and there a common prostitute." A demurrer to the indictment, on the ground that it did not state facts sufficient to constitute a public offense, was overruled, and the defendant tried and convicted.

[1, 2] The insufficiency of the indictment is again urged on this appeal. The indictment is in the language of the statute, and, we think, sufficient. In *State* v. *Raymond*, 34 Nev. 197, we quoted from 19 Cyc. 1393, the following general rule applicable to all indictments: "It is a general rule that if an indictment is based upon a statute it is sufficient if it follows the wording thereof. The rule, however, is subject to the qualification that, unless the words of the statute of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished, an indictment charging the offense in the language of the statute will be insufficient. * * * An indictment based upon a statute, in order to be sufficient, must set forth all the facts which are by statute made ingredients of the offense."

We think the offense here charged is one in which the statute itself sets forth all the elements necessary to constitute the offense. As said in *U. S.* v. *Cruikshank*, 92 U. S. 542, 23 L. Ed. 588: "Where the definition of an offense * * * includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; it must descend to particulars." For example, the statutory offense of obtaining money or property upon "false pretenses" would

not be sufficiently charged in the language of the statute; for "false pretenses" is a generic term, which includes an innumerable variety of acts and conduct. There is nothing of a generic nature about the statutory definition of the crime of "living with a common prostitute."

The numerous cases cited in the briefs of counsel point out the distinction which controls the essential requisites of an indictment for a statutory offense. The recent case of *State* v. *Topham* (Utah), 123 Pac. 888, is particularly instructive and in point. The Utah court therein reviews many authorities, and points out clearly the distinction which controls in numerous cases.

[3] Certain remarks of the district attorney are assigned as error; but it appears that they were based on testimony in the case, and, we think, cannot be regarded as improper argument.

[4] The record contains a number of assignments of error which have not been referred to in the briefs or argument, and, we think, do not require consideration.

The judgment is affirmed.