[No. 2268]

IN THE MATTER OF THE APPLICATION OF A. G. CRANE
FOR A WRIT OF HABEAS CORPUS.

[163 Pac. 246]

1. INDICTMENT AND INFORMATION—SURPLUSAGE.
   In view of Rev. Laws, 7052, providing that evidence tending
   to prove charge need not be stated in the indictment, such alle-
   gations will be rejected as mere surplusage.

2. INDICTMENT AND INFORMATION—STATEMENT OF OFFENSE.
   Whether the offense charged be a felony or misdemeanor is
   to be determined by the indictment's statement of facts and
   language employed.

3. FALSE PRETENSES—BY OFFICER OF CORPORATION—INDICTMENT.
   Indictment charging the president of an insurance corpora-
   tion with obtaining money by selling stock under false pretenses
   stated a felony under Rev. Laws, 6704, defining crime of obtain-
   ing money under false pretenses. and not a misdemeanor,
   under section 1174, prohibiting officer of any corporation from
   making false representations, the fact that the accused
   received the money as president being immaterial.

4. FALSE PRETENSES—STATUTORY PROVISIONS.
   General Incorporation Laws, sec. 73 (Rev. Laws, 1174), mak-
   ing it a misdemeanor for officer of any corporation to make false
   representations, does not affect the crime of obtaining money
   under false pretenses defined by Rev. Laws, 6704.

5. HABEAS CORPUS—GROUNDS FOR RELIEF—DEFECTS IN INDICTMENT.
   Defendant, convicted of obtaining money under false pre-
   tenses, having had objections to indictment overruled, was pro-
   tected by his remedy of appeal and *habeas corpus* for his
   discharge would not lie.

APPLICATION by A. G. Crane for writ of *habeas corpus.*
**Application denied.**

*Augustus Tilden,* for Petitioner:

The petitioner should be restored to his liberty, for the
reason that the indictment does not state facts sufficient
to constitute a public offense; and if such indictment does
state facts sufficient to constitute a public offense, the
same was and is a misdemeanor, of which the justice court
has and had exclusive jurisdiction, and of which neither
the grand jury nor the district court had or has jurisdic-
tion.   (Rev. Laws, 1174, 6704, 7179.)

Where there is a general statute covering a crime, as in

this case of false pretenses, and a specific statute covering the crime of false pretense committed either by particular persons in particular capacities or in certain other circumstances, the particular statute acts as a repeal *pro tanto* of the general statute; and where the legislature, by a subsequent act, makes penal an act which heretofore has been penal and punishes that act by either a greater or a less degree of imprisonment or fine, the two acts are deemed to be irreconcilably repugnant. (*State* v. *Smith*, 44 Tex. 443; *Gorman* v. *Hammond*, 28 Ga. 85; *Hayes* v. *State*, 55 Ind. 99; *Leighton* v. *Walker*, 9 N. H. 59.)

*Geo. B. Thatcher*, Attorney-General, and *Thos. E. Powell*, District Attorney of Humboldt County, for Respondent:

There is no irreconcilable, or any, conflict between sections 1174 and 6704, Revised Laws. All of the elements of obtaining money by false pretenses, as set forth in section 6704, are alleged in the indictment. "If there be two affirmative statutes, or two affirmative sections of the same statute, on the same subject, both must stand, if possible, and neither be deemed to repeal the other." (*Bruce* v. *Schuyler*, 46 Am. Dec. 447.) "Where there is a general act creating and punishing an offense which may be committed in a number of ways, and another statute prescribing a particular punishment for that offense when committed in a particular manner, such offense, unless committed in such particular manner, is subject to punishment under the general act." (*Haynes* v. *Territory*, 13 Pac. 8; *People* v. *Kinney*, 67 N. W. 1089; *Parkinson* v. *State*, 74 Am. Dec. 522; *New England C. S. Co.* v. *Baltimore R. R. Co.*, 69 Am. Dec. 181; *Sprague* v. *Birdsall*, 2 Cow. 419; *State* v. *Benjamin*, 2 Or. 125; *Sikes* v. *People*, 2 L. R. A. 461.)

Since section 1174 does not apply to the case, it is immaterial whether or not the defendants, Crane and Dunbar, acted individually or as officers of the corporation, although we contend that they did act as individuals. (*Commonwealth* v. *Jeffries*, 83 Am. Dec. 712.)

By the Court, SANDERS, J.:

This is an original proceeding in *habeas corpus.*

The petitioner, A. G. Crane, was jointly indicted with H. H. Dunbar by the grand jury of Humboldt County for the crime of obtaining. money by false pretenses. In execution of judgment and sentence he was committed to the custody of the sheriff of Humboldt County, and now asks his release by a writ of *habeas corpus.* In his petition he alleges that his imprisonment and restraint are illegal in this:

"That said indictment does not state facts sufficient to constitute a public offense. That if said indictment states facts sufficient to constitute a public offense the same was and is a misdemeanor of which the justice's court had and has exclusive jurisdiction, and of which neither said grand jury nor the said district court had or has jurisdiction." It is also stated in said petition:

"That petitioner has not first applied to said district court for such writ for the reason that the objections to said indictment hereinabove specified were presented to said district court in the course of petitioner's said trial, upon an objection made by petitioner to the admission of any evidence under said indictment, and was by the said court passed upon and overruled."

1. The indictment is quite lengthy and contains more than is necessary to state the offense sought to be charged, and more by way of description of the offense than is required by the statute (Rev. Laws, 6704).

"The indictment must be direct and contain * * * the particular facts of the offense charged so far as necessary to constitute a complete offense, but the evidence tending to prove the charge need not be stated." (Rev. Laws, 7052.)

"As the law does not require the superfluous circumstances to be alleged, so, although they have been improvidently stated, the law, in furtherance of its object, will reject them as mere surplusage, and will no more regard them than if they had not been alleged at all." (Starkie on Ev. 9th ed. 569.)

Applying this rule, and eliminating from the indictment all useless and redundant matter, and considering the averments together, and their legal effect, the indictment states a public offense.

2. Whether the offense charged be a felony or a misdemeanor is to be determined by the statement of the facts constituting the offense and the language employed. (*State* v. *Anderson*, 3 Nev. 254.)

3. Counsel for petitioner claims that the indictment shows the transaction complained of to be between A. G. Crane, president, and H. H. Dunbar, general manager, of the Interstate Life Insurance Company of Nevada, a corporation, and the prosecutrix, Lena Scott, and further shows that in the course of the transaction, in order to induce the prosecutrix to become a shareholder in the company, the said Crane and Dunbar jointly and severally made certain false statements, known to be false, of and concerning the affairs, status, and financial condition of the said corporation. It is urged that the offense thus stated comes within the purview of section 73 of the general incorporation law, being section 1174, Revised Laws, and is therefore punishable as a misdemeanor. Section 73 is as follows:

"Any person who, being a director, manager or officer of any corporation or body corporate or company, shall make, circulate or publish, or concur in making, circulating or publishing, any written statement or account which he shall know to be false in any material particular, with intent to deceive or defraud any member, shareholder or creditor of any such body corporate, corporation or company, or with intent to induce any person to become a shareholder therein, or to intrust or advance any property to such body corporate, corporation or company, or to enter into any security for the benefit thereof, shall be guilty of a misdemeanor."

The argument is an ingenious and plausible construction of the legally essential descriptive matter of the offense, but the gravamen of the charge is:

That the petitioner "knowingly and designedly, with

the intent to cheat and defraud one Lena Scott, falsely represent, pretend, and state to the said Lena Scott, * * * and the said Lena Scott, believing the said false statements to be true, * * * and being deceived thereby, was induced by reason thereof to then and there pay, deliver and pay to the petitioner, as president of said company, her check for $1,000 in payment for fifty shares of the capital stock of said corporation."

This is the offense which the statute (Rev. Laws, 6704) aims to prevent. The fact that the petitioner received and obtained possession of the money of the prosecutrix in his capacity as president of the said corporation, and that the said false statements were made in the course of his employment as such officer, is immaterial.

"Inasmuch as a man cannot ordinarily commit a crime in any particular capacity, or in the exercise of any special occupation, it does not change or in any way affect the nature of the charge to aver that when he was committing it he purported or claimed to act, or actually did act, in a specific capacity, or by virtue of a certain employment." (*Commonwealth* v. *Jeffries*, 7 Allen, 548, 83 Am. Dec. 724.)

4. No such result, as claimed by counsel for petitioner, was intended by the enactment of section 73 of the general incorporation law, nor does the section change or in any manner affect the nature of the crime of obtaining property by false pretenses, as charged in the indictment, and defined by section 6704, Revised Laws.

5. If the petitioner feels himself aggrieved by the court's overruling his numerous objections to the sufficiency of the indictment, his remedy is by appeal, and is ample for his protection. (*Ex Parte Smith*, 2 Nev. 338; *Ex Parte Winston*, 9 Nev. 71; *Ex Parte Maxwell*, 11 Nev. 428; *Ex Parte Gafford*, 25 Nev. 101, 57 Pac. 484, 83 Am. St. Rep. 568; *Ex Parte Breckenridge*, 34 Nev. 275, 118 Pac. 687; Ann. Cas. 1914B, 871.)

The application for the discharge of the petitioner is denied.

It is so ordered.