# STATE *v.* MILLS

No. 2866

August 15, 1929.                                              279 P. 759.

*Frame & Raffeto* and *T. A. Wells,* for Appellant:

*M. A. Diskin*, Attorney-General, *Wm. J. Forman*, Deputy Attorney-General, and *Harley A. Harmon*, District Attorney, for Respondent:

## OPINION

By the Court, DUCKER, C. J.:

This is an appeal from a judgment of conviction of injuring a person while driving an automobile while intoxicated.

Appellant contends that the judgment should be reversed, for the reason that the information does not state facts sufficient to constitute a public offense.

We will examine this question. The charging part of the information is as follows: " * * * That C. E. Mills, on the 21st day of December, A. D. 1928, or thereabouts, and before the filing of this Information, at and within the county of Clark, State of Nevada, did, then and there, willfully, unlawfully and feloniously, while under the influence of intoxicating liquor, and by reason of being under the influence of said intoxicating liquor, did drive and operate a motor vehicle, to-wit: an automobile, in, along and upon a public highway in the City of Las Vegas, County of Clark, State of Nevada, in a dangerous and reckless manner, and being, then and there, under the influence of intoxicating liquor, and while operating and driving said motor vehicle in a dangerous and reckless manner, did, then and there, strike and collide with a certain motor vehicle, to-wit: an automobile, owned and operated at the time of said collision by Mrs. George Ullom, which act and neglect of duty by said defendant, C. E. Mills, while under the influence of intoxicating liquor, in colliding with and striking said motor vehicle, owned and operated, then and there, by Mrs. George Ullom, did, then and there, cause great bodily injury to the said Mrs. George Ullom, and to those persons, then and there, occupying said motor vehicle, owned and operated by Mrs. George Ullom, to-wit: Norman Ullom, Mrs. George Ullom and Bert Nicholson."

The statute under which appellant was convicted is chapter 166, Stats. 1925, section 1 of which provides in part as follows: "It shall be unlawful for any person or persons to drive or operate a vehicle of any kind or character in a reckless manner on any street or highway in this state; or in any other than a careful or prudent manner."

Section 3 of said act provides: "Any person or persons, while intoxicated or under the influence of intoxicating liquor, who drives or operates a vehicle of any

kind, and who, by reason of such intoxication or condition hereinbefore stated, does any act or neglects any duty now or hereafter imposed by law, which act or neglect of duty causes the death of, or bodily injury to, any person, shall be punished as for a felony."

It is to be observed that the information includes the language of the statute defining and creating the offense. In an early case decided by this court, it was stated that "the words of the statute creating the offense, or words of similar import, should be used in the indictment." People v. Logan 1 Nev. 110.

■ At common law it was necessary to charge a statutory offense in the exact language of the statute defining it. This strict rule, however, has been relaxed by a provision of our criminal practice act. State v. Anderson, 3 Nev. 254; section 208, Criminal Practice Act, as amended by Stats. 1919, p. 417, c. 232. But ordinarily an indictment or information charging the offense in the language of the statute is sufficient whether the offense is one which was such at common law or a statutory offense. State v. Anderson, supra; State v. Luhano, 31 Nev. 278, 102 P. 260; State v. Switzer, 38 Nev. 108, 145 P. 925; State v. McFarlin, 41 Nev. 486, 172 P. 371; State v. King, 35 Nev. 153, 126 P. 880; State v. Raymond, 34 Nev. 198, 117 P. 17; 19 Cyc. 1393.

■ An exception to this general rule is made where the statute defining the offense does not state its essential elements. State v. King, 35 Nev. 153, 126 P. 880; State v. Dawson, 45 Nev. 255, 201 P. 549.

■ A defendant is entitled to have the essential and material facts constituting the offense charged against him stated in the indictment or information. State v. O'Flaherty, 7 Nev. 153; section 200, Criminal Practice Act, as amended by Stats. 1919, at page 416, c. 232.

■ Appellant contends that the information falls within the exception stated, and is therefore deficient. It is insisted that the particular omission in the information rendering it fatally defective is the failure to state the act or acts of the appellant constituting the

driving of the motor car in a reckless and dangerous manner. We think the allegation in the information that the motor vehicle was operated in a reckless and dangerous manner is a sufficient allegation of one of the essential elements of this statutory offense. It includes the language of the statute, to wit, in a "reckless manner," and is a statement of the ultimate fact denounced by the statute. It is a statement of the general manner of the driving which is prohibited. The particular manner which constitutes reckless driving, whether on the wrong side of the road or at excessive speed, is merely evidence of the ultimate fact proscribed, which evidence need not be stated in an information or indictment. The particular manner in which appellant was driving should have been peculiarly within his knowledge, and it is therefore difficult to understand how he could have been misled as to his defense or otherwise prejudiced by the lack of a more specific statement in the information.

The case of State v. Dawson, 45 Nev. 255, 201 P. 549, is cited by appellant, but that case is readily distinguishable on the facts. In State v. Dawson, the offense sought to be charged was an attempt to commit a crime. There was no statement of any of the essential elements constituting the offense of an attempt. It was merely charged by its statutory designation. Consequently the information was held to be fatally defective.

■ It is contended that section 3 of the act under which appellant was convicted is void, for the reason that the subject contained in section 3 relating to the injury of a person by an intoxicated driver, is not included in the title of the act, but is a different subject not properly connected therewith. The title of the act reads as follows: "An Act to regulate traffic on the highways of this state, to provide punishment for the violation thereof, and other matters properly connected therewith."

The subject matter of section 3 is plainly within the purview of this title. Its purpose is not only punitive, but has to do with the regulation of traffic as well, in

that it is calculated to deter the commission of acts denounced by it. Acts of intoxicated motor vehicle drivers of the character prescribed by the section are certainly detrimental to traffic on the highways of the state. Section 3 is not invalid. In Re Calvo, 50 Nev. 125, 253 P. 671.

The judgment is affirmed.

### ON PETITION FOR REHEARING

September 27, 1929.

*Per Curiam:*

Rehearing denied.