## PARSONS v. PARSONS.

No. 2280.    Decided January 8, 1912.    Application for Rehearing
Denied April 17, 1912 (122 Pac 907).

DIVORCE—APPEAL—TIME FOR TAKING—"FINAL DECREE." The Constitution authorizes appeals from final judgments of the district court. The general appeal statute authorizes an appeal within six months from the judgment or order appealed from. Comp. Laws 1907, secs. 1184, 1212, as amended by Sess. Laws 1909, c. 109, secs. 1, 2, require an entry of an interlocutory decree in a divorce suit when the court finds that a divorce should be granted, and provide that an interlocutory decree shall become absolute after six months from its entry, unless appealed from, etc. Section 3 makes it unlawful for either party to a divorce suit whose marriage is dissolved by final decree to marry any other person within the period allowed for an appeal from the final decree. *Held*, that such an interlocutory decree is a "final decree" in the sense of conferring a right of appeal therefrom, requiring that appeal be taken within six months from entry thereof.

APPEAL from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by Jennie B. Parsons against C. C. Parsons.

Judgment for defendant. Plaintiff appeals, and defendant moves to dismiss the appeal.

APPEAL DISMISSED.

*Willard Hanson* for appellant.

*Dey & Hoppaugh* for respondent.

STRAUP, J.
The plaintiff brought this action against the defendant, her husband, for separate support and maintenance. He filed a general denial and a counterclaim for a divorce on the grounds of cruelty and desertion. The court found the issues in favor of the defendant, dismissed the complaint, and

granted a judgment on the counterclaim, dissolving the marriage relation. The plaintiff appeals. She assails the findings, both in respect of the issues arising on the complaint and the counterclaim.

A motion is made to dismiss the appeal, upon the ground that the appeal was not taken in time. Our Constitution provides that "from all final judgments of the district court there shall be a right of appeal to the Supreme Court. The appeal shall be upon the record made in the court below, and under such regulations as may be provided by law." Our general appeal statute provides that an appeal from the district court to the Supreme Court "may be taken within six months from the entry of the judgment or order appealed from." A statute (chapter 60, Sess. Laws 1909) amending section 1211, Compiled Laws 1907, provides that all hearings and trials for divorce shall be heard before the court, who, "in all cases in divorce, shall make and file its findings and decrees upon the testimony." Chapter 109 of the same Session Laws, amending sections 1184 and 1212, Compiled Laws 1907, relating to marriage and divorce, provides that:

Section 1: "If after the hearing of any divorce cause the court shall be of the opinion that the divorce ought to be granted, an interlocutory decree must be entered, declaring that the party in whose favor the court decides is entitled to a divorce."

Section 2: "An interlocutory decree shall become absolute after the expiration of six months from the entry thereof, unless appealed from or proceedings for review are pending, or the court before the expiration of said period for sufficient cause, upon its own motion or upon the application of any party, whether interested or not, otherwise orders; and at the expiration of six months such final and absolute decree shall then be entered upon application to the court by the party in whose favor the interlocutory decree was entered, unless prior to the time cause was shown to the contrary."

Section 3: "It shall be unlawful for either party to a divorce proceeding, whose marriage is dissolved by the final decree provided for by section 2, of this act, to marry any

person other than the husband or wife from whom the divorce was granted, within the period allowed for an appeal from such final decree under the Code of Civil Procedure, and if an appeal from such final decree be taken, until after the affirmance of such decree; and any marriage contracted in violation of the provisions of this section shall be null and void."

It is further provided that, "when an interlocutory decree of divorce is made, the court may make such order in relation to the children, property, parties, and the maintenance of the parties and children as shall be equitable. . . . Subsequent changes, or new orders, may be made by the court in respect to the disposal of the children or the distribution of property, as shall be reasonable and proper."

An interlocutory decree, upon findings on all the issues raised by the complaint and counterclaim, was made and filed on the 5th day of February, 1910, dismissing the complaint and dissolving the marriage relation. Notice thereof was served and filed on the 15th of that month. The findings and the decree are in substance as full and complete as findings and a decree can be made on a final disposition of a cause on the merits. There the proceedings rested until the 26th day of November, 1910, more than nine months after the interlocutory decree was entered, when, on the defendant's motion, notice of which was served and filed, interlocutory decree was made absolute. That decree was filed on that day, and notice thereof served and filed on the same day. The plaintiff, on the 23d day of May, 1911, served, and on the 25th day of that month filed, a notice of appeal "from the judgment entered on the 26th day of November, 1910." It is thus seen that the appeal was taken one year and more than three months from the filing of the interlocutory decree, and five months and twenty-seven days from the filing of the absolute decree.

What the plaintiff seeks to have reviewed on this appeal are the findings upon which the interlocutory decree was based. A review of no other question is presented. If the six months' period in which an appeal may be taken to re-

view the proceedings sought to be reviewed began to run from the entry of the absolute decree, then the appeal was within time; otherwise not. A determination of this involves questions in respect of the character of the interlocutory decree, and of whether, on an appeal seeking a review of the proceedings resulting in such a decree, the statute contemplates an appeal, or confers the right of an appeal, from the interlocutory, or the absolute, decree. Our Constitution provides that appeals lie only from "final judgments." In harmony therewith, our general appeal statute, since the adoption of the Constitution, has, by an unbroken line of decisions of this court, been so construed as to permit an appeal only from a "final judgment." In view of this constitutional provision and of these prior holdings, and of a confusion of terms in the Session Laws referred to, the determination of the question in hand presents some difficulty. In the first place, the legislature uses the term "interlocutory" decree, which in itself implies a decree made pending a cause and before the final hearing on the merits, one where the further action of the court is necessary to give complete relief contemplated by the court on the merits. (4 Words and Phrases, 3712.) Then, in section 2, it is provided that the interlocutory decree shall become "absolute" after the expiration of six months from the entry thereof, "unless appealed from," etc., which language seems to imply a right of an appeal from the interlocutory decree. But following this the legislature interjects a new term, and speaks of the "final decree," and provides that "such final and absolute decree shall be entered" at the expiration of six months from the entry of the interlocutory decree, unless appealed from, etc.; and that either party to the divorce proceedings whose marriage is dissolved "by the final decree provided for by section 2," where both the interlocutory and absolute decrees are spoken of and provision made for both is forbidden from again entering into the marriage relation with one other than the party to the proceeding "within the period allowed for an appeal from such final decree under the Code of Civil Procedure, and if an appeal from such final decree be taken, until after the

affirmance of such decree." By these expressions, it seems that the legislature speaks of the terms "absolute" and "final" as synonymous terms, and clearly implies a right of an appeal "from such final decree." Thus, from, the language used in section 2, the legislature indicated a right of an appeal from the interlocutory decree, and treated the terms "absolute" and "final" as synonymous terms; then, from the language used in section 3, it clearly indicated a right of an appeal "from such final decree." It is difficult to harmonize these provisions, except on the theory that a right of an appeal is intended from both the interlocutory and the final decree. The questions then arise as to whether the legislature could so provide without offending against the Constitution, providing that appeals may be taken only from final judgments, and, if so, what may be reviewed on such appeals.

It is provided that on the issues and upon the evidence adduced—upon the merits of the controversy—the court is required to make findings. Upon such findings, the court is required, if after a hearing he is of the opinion "that the divorce ought to be granted," to render and enter a decree, "declaring that the party in whose favor the court decides is entitled to a divorce," and in such decree to make such orders in relation to the children, property, parties, and the maintenance of the parties and children as shall be equitable. This the legislature calls an "interlocutory decree." But what in law and in fact is it? It is a determination, after a hearing upon the evidence taken and submitted, of what are the respective rights and interests of the parties involved on the issues, and as they may appear from the law and the evidence adduced. It is in effect an adjudication which, as affecting the parties themselves, determines the controversy arising on the issues, except as the matters involved may be re-examined or reviewed, as provided generally for the re-examination or review of a cause. As to those issues, and in respect of the controversy arising upon them, and as so affecting the parties, such a decree or judgment is final, in the sense that any decision on the merits of a controversy arising upon the issues, and determining the respective rights and interests

of the litigants with respect to them, is final. True the statute requires such a decree to be held in abeyance, and provides that it shall become absolute at the expiration of six months from the entry thereof, "unless . . . the court before the expiration of said period for sufficient cause, upon its own motion or upon the application of any party, whether interested or not, otherwise orders." But by this language the statute does not contemplate that, before or upon an application to make the interlocutory decree absolute, further action of the court is permissible to review or re-examine the proceedings resulting in the interlocutory decree, except in respect of a disposal of the children or a distribution of the property, without a motion for a new trial, or upon some proceeding known to the Code for a review or re-examination of a cause. To so construe this language is to hold that the language preceding it, "unless appealed from or proceedings for review are pending," is useless and meaningless.

We cannot believe that the legislature by the language, unless the court for sufficient cause otherwise orders, meant that the court, after the time for filing a motion for a new trial and to re-examine a cause had expired, is at liberty, on his own motion or the application of any party, whether interested or not, on grounds of alleged errors of law or fact, or upon mere grounds for which new trials may ordinarily be granted, to set aside the interlocutory decree, and to grant a new trial upon the issues. What a ridiculous proceeding that would be, and how destructive of the provisions of our Code relating to procedure. This language, however, should be given effect. It is well recognized that in divorce proceedings not only the parties are, but the state itself also is, concerned. Ordinarily, in civil cases, the right to complain of collusion, fraud, deceit, or perjury practiced or committed by one upon or against another is left to the party aggrieved. In divorce proceedings these and other like things are also wrongs against the state and a fraud upon the court, for which it, on equitable principles and on its own motion, or on "the application of any party, whether interested or not," may withhold the entry of the absolute or final decree,

and deal with and dispose of the case agreeably with equity.
We do not think the legislature by this language meant more
than this. We are therefore of the opinion that the interlocu-
tory decree, which is itself, upon the evidence adduced and
submitted, determinative of the issues and of the respective
rights and interests of the parties, is a final decree in the
sense of conferring a right of an appeal therefrom; and that
to review the proceedings resulting in such a decree an appeal
must be taken from that decree within six months from the
entry thereof.

The cases from the California courts cited by the respond-
ent (*De Yoe v. Superior Court,* 140 Cal. 476, 74 Pac. 28, 98
Am. St. Rep. 73; *Claudius v. Melvin,* 146 Cal. 257, 79 Pac.
897; *John v. Superior Court,* 5 Cal. App. 262, 90 Pac. 53;
*Reed v. Reed,* 9 Cal. App. 748, 100 Pac. 897; *Huneke v.
Huneke,* 12 Cal. App. 199, 107 Pac. 131; *Pereira v. Pereira,*
156 Cal. 1, 103 Pac. 488, 23 L. R. A. [N. S.] 880, 134 Am.
St. Rep. 107) are, in many respects, not applicable. The
language of the statute there is dissimilar. There the statute,
in unmistakable terms, expressly provides for an appeal from
the interlocutory judgment, and provides for the entry of a
final judgment, on the motion of either party or the court,
one year after the entry of the interlocutory judgment, if no
appeal has been taken from the interlocutory judgment, or
no motion made for a new trial. If such an appeal is taken
or motion made, then the entry of the final judgment is with-
held until such appeal or motion is disposed of, and is not
entered if the motion has been granted or the judgment re-
versed. There, too, under the general appeal statute, the
right of an appeal is not restricted to an appeal from a final
judgment, but is also given to appeal from certain orders and
interlocutory judgments. Of course, under such provisions,
an appeal, seeking a review of proceedings resulting in the
interlocutory judgment, must, as was held by the California
courts, be taken from the interlocutory decree, and that such
proceedings are not reviewable upon an appeal from the final
judgment. But the cases are applicable upon the points that
the so-called interlocutory decree is an adjudication on merits

of all controversies arising upon the issues, and, like any other judgment on merits, is subject only to be vacated or modified on appeal, or on motion for a new trial, or on other proceedings known to the Code for a re-examination or review of a cause on the merits; and that, since the legislature here indicated a right of an appeal from an interlocutory decree to review the proceedings resulting in such decree, an appeal must be taken from that decree; and that such proceedings are not reviewable on an appeal from the absolute or final decree. And since plaintiff's appeal is only from the final decree, and since she seeks no review of any proceeding resulting in that decree, and seeks a review only of proceedings resulting in the interlocutory decree, from which no appeal has been, and could not have been, taken at the time of this appeal, it follows that there is no reviewable question before the court, and for that reason the appeal must be dismissed, with costs. Such is the order.

FRICK, C. J., and McCARTY, J., concur.

ON APPLICATION FOR REHEARING.

STRAUP, J.

Appellant contends that the conclusion reached is erroneous, for that the Constitution and the prior holdings of this court permit an appeal from only a final judgment; that the interlocutory decree is not a final judgment, for the marriage relation is not dissolved, and the parties are not divorced, until the absolute or final decree is made and entered; and that it is only from such absolute or final decree that an appeal can properly be taken. Such a conclusion would be logical and sound if the statute did not clearly imply an appeal, also, from the interlocutory decree; and if we were permitted to do what appellant does—disregard that provision of the statute—we also could reach such a conclusion. We think a reading of the statute clearly implies the right of an appeal, both from the interlocutory and the absolute decree. To reach appellant's conclusion, that an appeal

lies only from the absolute or final decree, forces a holding that the provision conferring or implying the right of an appeal from the interlocutory decree is unconstitutional. Of course, the language of the statute, when considered in connection with the constitutional provision, is somewhat involved; and on first blush it may seem that the legislative provision, giving the right of an appeal from the interlocutory decree, is repugnant to the constitutional provision, permitting an appeal only from a final judgment. We, however, endeavored to construe the act so as to give meaning and effect to all of its parts. The construction contended for does not do that. It renders a part of the act unconstitutional. We think the statute reasonably bears the construction we gave it; and hence reached that conclusion, rather than that rendering a part of the act unconstitutional.

The petition is denied.

FRICK, C. J., and McCARTY, J., concur.