## PIKE v. PIKE.

No. 2335.  Decided October 31, 1912 (128 Pac. 520).

DIVORCE—REVIEW—INTERLOCUTORY AND INTERMEDIATE JUDGMENTS AND ORDERS. Where an appeal from both the interlocutory and final decrees of divorce was taken within six months after the final decree, but not within six months after the interlocutory decree, the validity of the final decree, but not the

proceedings leading up to the interlocutory decree, were open to review, and hence where the assignments only attacked the findings and conclusions upon which the interlocutory decree was based, but did not attack their sufficiency to support the final decree, there was nothing for review on appeal.[1]

APPEAL from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by Johanna Christina Pike against William Pike.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Daniel Harrington* for appellant.

*O. W. Carlson* for respondent.

McCARTY, J.

The findings of fact, conclusions of law, and the interlocutory decree based thereon were made and entered in this cause January 30, 1911. A final decree based solely upon the findings of fact and conclusions of law made and filed in support of the interlocutory decree was entered September 8, 1911. This appeal, in which the merits of the cause only are involved, was taken November 15, 1911, two months after the entry of the final decree and more than ten months from the date of entry of the interlocutory decree. Respondent has filed a motion to dismiss the appeal on the ground that it was not taken within six months from the entry of the interlocutory decree. The notice of appeal recites that the appeal is taken from the interlocutory decree and also from the final decree. While the appeal was not taken in time to confer jurisdiction on this court to review the proceedings leading up to and that were merged in the interlocutory decree, the appeal nevertheless was taken in time to confer

---

[1] Parsons v. Parsons, 40 Utah, 602, 122 Pac. 907; Custer v. Custer, 41 Utah, 575, 126 Pac. 880.

jurisdiction upon this court to review any question, if any there were, raised by the assignment of errors which involved the validity of the final decree. The motion to dismiss is therefore overruled.

The assignments of error refer only to the findings of fact and conclusions of law upon which the interlocutory decree is based. No claim is made that the final decree is not supported by the findings of fact and conclusions of law. Nor is its validity otherwise challenged by the assignments of error. The case therefore comes within the rule announced in the case of *Parsons v. Parsons*, 40 Utah, 602, 122 Pac. 907, recently decided by this court and reaffirmed in the case of *Custer v. Custer*, 41 Utah, 575, 126 Pac. 880.

There being nothing before this court for review, the judgment is affirmed. Costs to respondent.

FRICK, C. J., and STRAUP, J., concur.