# STEVENS et al. v. MELVILLE et al.

### No. 3262.   Decided Sept. 26, 1918.   (175 Pac. 602.)

1. WATERS AND WATER COURSES—IRRIGATION DISTRICTS—ORGANIZA-
TION—LAND INCLUDED. The organization of an irrigation district,
under Irrigation Act, was not invalid because land purchased from
the state of Utah on contract without payment of purchase price in
full was included in such district, section 1 providing that pur-
chasers of state lands within the proposed district shall be deemed
to be owners of land within the district for purpose of becoming
petitioners for the organization thereof. (Page 527.)

2. WATERS AND WATER COURSES—IRRIGATION DISTRICTS—ORGANIZA-
TION. That unentered public land of the United States was included
in irrigation district organized under Irrigation Act, where district
court subsequently excluded such land from district, did not in-
validate the organization of the district; the inclusion of such land
being an irregularity which did not affect any substantial rights.
(Page 528.)

3. WATER AND WATER COURSES—IRRIGATION DISTRICTS—ASSESSMENTS
OF BENEFITS—STATUTES. Irrigation Act, section 11, giving the
board all powers necessary fully to carry out the purposes of the
act, confers power to determine and assess benefits. (Page 529.)

4. WATERS AND WATER COURSES—IRRIGATION DISTRICTS—BENEFITS—
PRESUMPTION. Where it is found that all lands within the dis-
trict can be irrigated and made productive by the application of
water which will be obtained from the proceeds of irrigation bonds,
it will be assumed that all lands lying within the district are
similarly situated and will be benefited at least to the extent of the
assessment.[1]   (Page 529.)

5. WATERS AND WATER COURSES—IRRIGATION—STATUTORY PROVISIONS.
The Irrigation Act is not invalidated by its provision authorizing
the levying of assessments to provide funds to meet anticipated de-
faults by landowners within the district.   (Page 531.)

Appeal from the District Court of Millard County, Fifth
District; *Hon. D. H. Morris,* Judge.

Action by Daniel Stevens and others against J. A. Mel-
ville, Jr., and another.

---

[1]*State ex rel. Lundberg* v. *Irrigation District,* 40 Utah, 83, 119 Pac.
1039.

Judgment for plaintiffs.  Defendants appeal.

AFFIRMED.

*Jas. A. Melville* for appellants.

*T. M. Ivory* for respondents.

FRICK, C. J.

This is an appeal from a judgment or decree of the district court of Millard County, Utah.  The proceeding was commenced in said court pursuant to chapter 33, Laws Utah 1917, hereinafter referred to as the Irrigation Act, to determine the regularity and validity of the organization of a certain irrigation district known as the Pahvant irrigation district, which was organized pursuant to the provisions of said Irrigation Act in the county aforesaid, and to determine the validity of the proceedings leading up to and including the issuance of the bonds of said irrigation district as provided in said Irrigation Act.  The Irrigation Act is very comprehensive and is too long to be inserted here even in substance. It is in part an amendment and in part a re-enactment of chapter 74, Laws Utah 1909, and chapter 101, Laws Utah 1913, with certain additions.  It must suffice to say that said chapters and the present Irrigation Act, to a large extent at least, are framed after what is known as the Wright Act, which was adopted in the state of California in 1887, and which, since its adoption, with unimportant changes and additions, has been followed by many of the western states, Utah among the rest.  The Irrigation Act in question was passed for the purpose of authorizing the organization of irrigation districts with a view of improving and making productive by means of irrigation large areas of arid lands which cannot be irrigated, improved, and made productive by individual effort.

The Wright Act has repeatedly been before and has been passed on and upheld by the courts of the several states in

which it was adopted, as well as by the Supreme Court of the United States. In the following cases, among others, said act has been considered and upheld: *Fallbrook Irr. Dist. v. Bradley*, 164 U. S. 112, 17 Sup. Ct. 56, 41 L. Ed. 369; *Irrigation Dist. v. Williams*, 76 Cal. 360, 18 Pac. 379; *Board of Directors v. Tregea*, 88 Cal. 334, 26 Pac. 237; *Oregon S. L. R. Co. v. Pioneer Irr. Dist.*, 16 Idaho, 578, 102 Pac. 904; *Knowles v. New Sweden Irr. Dist.*, 16 Idaho, 217, 101 Pac. 81. The Wright Act was also specially referred to and considered by this court in *State ex rel. Lundberg v. Irrigation Dist.*, 40 Utah, 83, 119 Pac. 1039.

The complaint in this proceeding filed in the district court is quite voluminous and sets forth in detail all of the steps that were taken in organizing the irrigation district, including the holding of the several elections provided for by the Irrigation Act, including the election held to vote bonds of said district and which are more particularly in question here. The proceeding and the complaint are predicated on and follow the provisions of sections 50, 51, 52, 53, and 54 of the Irrigation Act. The plaintiffs, hereinafter called respondents, constitute the board of directors of said irrigation district, and the defendants, hereinafter called appellants, are landowners in said district as hereinafter more fully explained. A general demurrer was interposed to the complaint, and an answer thereto was likewise filed, by the appellants. The demurrer was overruled and performs no further function in this proceeding. The answer in part admits, and in certain parts denies, the allegations of the complaint. A stipulation of facts was, however, entered into and filed in the action. The district court made findings of fact based upon the admissions contained in the answer, documentary evidence produced and referred to in the stipulation of facts, and on the facts stipulated. The court also made conclusions of law and entered a decree validating and affirming all of the proceedings of the irrigation district, including the issuance of bonds, from which judgment or decree this appeal is prosecuted.

The findings are very complete and cover practically every provision contained in the Irrigation Act which apply to an irrigation district like the one involved in this proceeding. The findings of the court and the judgment or decree are assailed in certain particulars. Such matters involved on this appeal as are deemed material will be referred to in their order.

In the first assignment it is urged that the irrigation district in question was not legally organized because lands are included therein which belong to the state of Utah. The facts found by the court (which are not in dispute) are that certain persons purchased lands from the state of Utah, which lands had not yet been fully paid for and which are within and form a part of said irrigation district. Section 1 of the Irrigation Act provides:

"* * * Purchasers of state lands within the proposed district shall be deemed to be the owners of lands within the district for the purpose of becoming petitioners for the organization of such irrigation district, and shall share all the privileges and obligations of private landowners within the district."

The record shows that the statute was followed in all essential particulars, and that the state lands, purchased as aforesaid, were properly included within and are now legally a part of said district. If it should be held that lands purchased from the state on executory contracts which are not yet fully paid for by the purchasers, and the title to which is still held by the state under the Enabling Act of Congress, cannot legally be included within an irrigation district formed in pursuance of the Irrigation Act, then most of the lands purchased from the state under such contracts would perhaps always have to remain arid and unimproved. One of the purposes of the Irrigation Act is to make it possible for purchasers of state lands and entrymen on the public domain to improve their lands and entries and by means of irrigation make them productive and increase their value, and thus promote their own, as well as the public, welfare.

The California law in this respect is practically the same as the Irrigation Act, yet the Supreme Court of California, in *Board of Directors v. Tregea, supra,* held that lands under similar conditions were properly included within the irrigation district.

This objection must be overruled.

It is next contended that the organization of the district is invalid for the reason that certain public lands of the United States were originally included within the boundaries of the district and were subsequently excluded by the district court without power to do so. It is true that, when the boundaries of the district were originally established, certain public lands of the United States were included within such boundaries. It was, however, not attempted to include those lands as lands having been entered by any one, or part of the district, as might have been done under the Irrigation Act. Indeed, it is very clear from the proceedings that it was not intended or attempted to make any public lands a part of the irrigation district. Those public lands, therefore, while within the boundaries of the district, were nevertheless treated and considered as not being a part of it for any purpose whatever. That fact was clearly made to appear to the district court, and, upon application being made to exclude those lands from the district, and no objection being offered against doing so, the district court ordered them excluded, and they were accordingly excluded from the district and are not included within its boundaries. No owner of lands within the district was, or could be, prejudiced in any way by the exclusion of those lands from the district. In view that those lands had not been entered, it is not easy to perceive how any one could have been prejudiced even though the lands had been retained within the district, as appears was the case in some of the cases to which we have referred. Moreover, in excluding those lands the district court merely did what should have been done before when the boundaries of the district were determined. The retaining of such lands within the boundaries of the district until they were excluded, therefore, by the district court at most con-

stituted a mere irregularity which did not, and could not, affect any substantial right of any one.

This objection must therefore also fail.

It is next contended: (1) That the Irrigation Act does not confer power on any one to determine and assess the benefits to the lands of the several landowners within the irrigation district that would accrue to such lands by reason of the purchase of water to be used to irrigate said lands; and (2) that, although it be held that such power is conferred, yet such power was not properly exercised, and the assessment and apportionment of benefits were not properly made. In our judgment there is no merit to the first ground indicated. If it were conceded, however, that the act is somewhat vague with respect to the method of determining the benefits, yet the power to ascertain and apportion the benefits is ample. The act, in section 11, provides:

"The board shall generally perform all such acts and have all such powers as shall be necessary fully to carry out the purposes of this act."

Under this power the board could do anything which was necessary to effectuate the letter, the spirit, and the purposes of the act. There is therefore no lack of power, and from an examination of the record it is made apparent that the board met with no difficulty in ascertaining and apportioning the benefits accruing to the lands within the district nor in assessing those lands as contemplated by the act.

The next ground of objection is likewise untenable. It was clearly and specifically found and determined that the benefits that would accrue to the lands included within the district by the purchase of water and water rights to irrigate those lands (and for the payment of which bonds were to be issued) were at least twice as much as the amount of the bonds that were voted and were authorized to be issued. It is also specifically found and determined that the lands included within the district could all be irrigated from the proposed water supply and made pro-

ductive by the application of the water which is sought to be purchased and paid for by the proceeds to be derived from the bonds. Under such findings, including all details, notice was duly given before the election for the bonds was held, and therefore all the facts were necessarily known to all of the interested parties at the time the bonds were voted for. No one made any objection to the findings respecting the benefits, and no one is now objecting; nor has any one ever objected that the benefits or apportionments as made are unfair or unjust. The only objections urged are the ones we have before stated, and those are only general and assail the validity of the proceedings for the reasons stated. In our judgment, under all the authorities, the benefits to the lands within the irrigation district have been properly ascertained, assessed, and apportioned. Moreover, in view of the finding that all of the lands within the district can be irrigated and made productive by the application of water which will be obtained from the proceeds of the bonds, we, as was said in *State ex rel. Lundberg v. Irrigation Dist.*, 40 Utah, 83, 119 Pac. 1039, must assume "that all of the lands lying within the district are similarly situated," and hence will be benefited to the extent at least that they will be burdened by the assessments for the water to be used thereon. Indeed, it is quite inconceivable how any lands that can be irrigated and thus made productive in this arid region would not be benefited to the extent at least of the cost of the water to irrigate them under a system like the one described in this record. While it is quite true that in exceptional cases the cost of water may be far in excess of the benefits that a particular parcel of land may receive, yet that is not generally so, nor is it so where, as here, a very large area can be irrigated from a particular source of water supply, nor where, as here, the water can be obtained at reasonable cost.

The second ground of objection, therefore, cannot prevail.

It is also insisted that the Irrigation Act is invalid because it authorizes the levying of assessments to provide funds to meet anticipated defaults by landowners within the district. To meet such contingencies the Irrigation Act authorizes

a levy of fifteen per cent. in excess of the actual estimated requirements. The reasons upon which such and similar provisions in irrigation acts are held proper and valid are well and clearly stated in the case of *Norris v. Montezuma Valley Irr. Dist.* (C. C. A.) 248 Fed. 369. We need not pause now to enlarge on those reasons. Similar provisions are found in the statutes of California, Nebraska, Oregon, Washington, and Colorado and have been held proper and valid. Such provisions, at most, are intended only to meet immediate necessities. Ultimately a part or all of the land which is in default of payment will be sold to meet the deficiencies.

This objection cannot be sustained.

It is further insisted that the lands held by the appellant Sevier River Land & Water Company were improperly included within the district, and that for that reason the organization of the district is invalid. This objection, it seems, is urged only by appellant Melville. The lands in question are held by appellant company under contracts of purchase from the state of Utah. We have already pointed out that under a provision of the Irrigation Act such lands are properly included within the irrigation district. If they are properly included, they are also properly assessable, to the extent at least of the interest of the purchaser. In this arid region it is a matter of common knowledge that lands have but a nominal value until they are made productive by irrigation. The substantial value, therefore, that any land may have within an irrigation district, is added entirely by the means of irrigation. In this case all that was done was to reach the value of the lands or the interest possessed by the purchaser.

Practically all of the questions that are raised on this appeal have been held to be untenable in the cases to which we have referred at the beginning of this opinion and to which further reference is not deemed necessary. That the objections urged on this appeal are without merit is, to our minds, clear. In this case every jurisdictional requirement of the Irrigation Act was carefully followed. True, as is generally the case, there are a few slight irregularities in the proceed-

ings. These irregularities the act, in express terms, requires us to disregard, however.

There is, however, one potential and all-pervading fact in this case, which is that, after all of the irregularities had taken place except the one of excluding the public lands to which reference has been made, the owners of the lands lying within the district, with full knowledge of the proceedings, unanimously, and without a dissenting vote, voted that the bonds should issue. The landowners thus, with full knowledge of what had been done, as well as with knowledge of the manner in which it was done, with one voice directed the officers of the district to issue the bonds and to make them a first lien upon the lands within the district. If, under the facts and circumstances thus disclosed, bonds could still be held invalid, it would be next to impossible to so conduct proceedings under any irrigation act as would make them a valid and binding obligation against the district.

In concluding this opinion, we desire to express our appreciation to counsel for both sides for the careful manner in which the record and the briefs of counsel were prepared. The briefs of counsel evidence careful and painstaking research, and the arguments as well as the authorities cited were of great assistance to us in determining the questions presented by the appeal.

From what has been said, it follows that the findings of fact, conclusions of law, and decree of the district court should be, and they accordingly are, in all respects, affirmed, at the cost of the appellants.

McCARTY, CORFMAN, THURMAN, and GIDEON, JJ., concur.