RASMUSSEN v. CALL, District Judge.

No. 3449.   Decided March 17, 1920.   On Application for Rehearing March 24, 1920.   (188 Pac. 275.)

1.  DIVORCE—RIGHT TO DIVORCE ABSOLUTE AND NOT DISCRETIONARY. The right to divorce when the parties are before the court, the pleadings are sufficient to support a decree, and the degree of proof necessary to convince the court that there are sufficient grounds is present, is absolute, and not discretionary with the court, in view of Comp. Laws 1917, section 2999.  (Page 599.)

2.  DIVORCE—DECREE CANNOT BE SET ASIDE WITHOUT NOTICE AND OPPORTUNITY TO BE HEARD.  Comp. Laws 1917, section 3002, providing that a decree of divorce shall become absolute six months after its entry, unless the court for sufficient cause, on its own motion or the application of any party, otherwise orders, does not authorize the court to set aside a decree of divorce granted the wife without notice to her and an opportunity to be heard.[1] (Page 600.)

3.  CONSTITUTIONAL LAW—DUE PROCESS DENIED BY SETTING ASIDE DIVORCE DECREE WITHOUT NOTICE.  To set aside a divorce decree granted the wife without notice and an opportunity to be heard would deny due process of law as the interlocutory decree gave the wife personal and property rights, of which she could be deprived only by due process of law.  (Page 600.)

---

[1] *Parsons* v. *Parsons*, 40 Utah, 602, 122 Pac. 907.

Original certiorari proceeding by Inger Marie Rasmussen against *J. D. Call*, as Judge of the District Court of Cache County.

Writ issued, and order annulled.

*Leon Fonnesbeck,* of Logan, for plaintiff.

GIDEON, J.

This is an original proceeding in this court, praying for a writ of certiorari directed to Hon. J. D. Call, judge of the district court of Cache county. The purpose of the writ is to review an order of the court setting aside and annulling an interlocutory decree of divorce made by the court on August 29, 1919. The interlocutory decree was entered in an action then pending in said court wherein the plaintiff here was plaintiff and her former husband defendant.

It appears, both from the affidavit filed in this action and the answer of the defendant, that on or about the 18th day of July, 1919, the plaintiff filed in the district court of Cache county a complaint against Charles B. Murray, her husband, praying for a decree of divorce. Summons was served on the defendant, and upon failure to appear his default was regularly entered. Thereafter the court heard testimony in support of the allegations of the complaint, made findings of fact, and entered an interlocutory decree, granting plaintiff a divorce upon the grounds mentioned in her complaint. That decree was made on August 29, 1919. Subsequently, in December, 1919, the defendant Murray was on trial before said court as the defendant in a criminal proceeding, and during his examination he stated that he had never seen the complaint in the divorce proceedings. On the same day Murray stated to the court that he and his wife, plaintiff here, had entered into an agreement, prior to the filing of the divorce action, whereby he had agreed not to appear in that action in consideration of his wife not asking for alimony. It also seems that on this same date Murray stated to the court that the allegations in the complaint in the divorce proceedings were not true. Thereupon the court, it seems, called the attention of the attorney for plaintiff to the information which he had received, and the

court was advised by the attorney that he knew nothing concerning the facts or the matters which had come to the court's attention. The defendant, on December 6, 1919, without any notice to plaintiff, and without any hearing, made and entered in the divorce action an order which, after stating some preliminary matters of inducement, concludes as follows:

"It is ordered by the court, upon its own motion, that the alleged decree of divorce, together with the findings of fact and the conclusions of law made and entered in said case on the 29th day of August, 1919, be and the same is hereby annulled, vacated, and set aside; the decree to be of no force or effect."

It is the contention of the petitioner, plaintiff, that the court was without authority to make this order; that it had no jurisdiction to make any order affecting her rights under the interlocutory decree, without notice and an opportunity on her part to present proofs to show that no sufficient cause existed authorizing the court to annul or modify the decree of divorce.

The defendant court relies upon section 3002, Comp. Laws Utah 1917, as authority for making the order complained of. That section is as follows:

"The decree of divorce shall become absolute after the expiration of six months from the entry thereof, unless proceedings for a review are pending, or the court before the expiration of said period for sufficient cause, upon its own motion or upon the application of any party, whether interested or not, otherwise orders."

The grounds upon which either party to a marriage contract may be released from the obligations of that contract are enumerated in the statute. The right of divorce is therefore a statutory right. The right of the complaining party to receive from the courts a decree dissolving the bonds of matrimony is not one discretionary with the courts to refuse. Whenever the parties are before the court, and the pleadings are sufficient to support a decree, and the degree of proof necessary to convince the court that there are sufficient grounds named and relied upon is present, such party has an absolute right to a decree. That a divorce may not be granted without proof

establishing some of the statutory grounds, and that·a court may not be imposed upon, it is provided by Comp. Laws Utah 1917, section 2999, that no decree of divorce shall be granted, except upon legal testimony taken in the case before the court, and in all cases the court is required to make and file its findings of fact and decree upon such testimony.

Under section 3000 of the Code, the court may, at the time of making the interlocutory decree, make such orders relating to the children, property, and parties, and the maintenance of the parties and children, as shall be equitable. The force and effect of such a decree on the right of the parties has been discussed by this court in *Parsons* v. *Parsons,* 40 Utah, 602, 122 Pac. 907. That the decree of August 29, 1919, dissolving the marriage, gave to the plaintiff a real, substantial right, cannot well be questioned. If the allegations of the complaint are true, and the court found such to be the fact in its findings, she was thereby relieved from an intolerable existence. She was released from bearing the name of the man whose treatment rendered her existence little less than that of slavery. The effect of the interlocutory decree being to vest in plaintiff certain personal and property rights, it necessarily follows that the existence of those rights denies to any court the authority or right to take the same from her, except upon legal proceedings in which plaintiff, as the interested party, has an opportunity to be heard in disproof of any attack upon such rights, and to establish the fact that she is justly entitled to the rights sought to be taken from her.

True, in section 3002, supra, proceedings to review the decree upon the court's own motion are mentioned; but it was not within the contemplation of the Legislature that sufficient cause could be determined to exist without an opportunity given to the parties interested to be heard in defense of any rights granted by the interlocutory decree. "Sufficient cause" means legal cause. To deprive plaintiff of the rights given her by the interlocutory decree without notice and without opportunity to be heard is not due process of law; in fact, it is without

any process.  *Morris* v. *Morris*, 60 Mo. App. 86.  Moreover, as I understand the decision of this court in *Parsons* v. *Parsons*, supra, the authority ''to review or re-examine the proceedings resulting in the interlocutory decree, except in respect of a disposal of the children or a distribution of the property, without a motion for a new trial, or upon some proceedings known to the code for a review or re-examination of a cause'' is not given to the court by section 3002, supra.  Be that as it may, the members of this court are all of the same opinion respecting the authority of the defendant to take any action depriving plaintiff of the rights given her by that decree without notice and an opportunity to be heard.  The information upon which the court apparently acted was ex parte, and was in no way related to or connected with the action for divorce.

The order of the district court of December 6, 1919, must be held to be a nullity and of no effect.  The writ will therefore issue, directing the court to set aside and cancel its order of December 6, 1919.  It necessarily follows that the interlocutory decree of August 29, 1919, is, and has been at all times since its entry, in full force and effect.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.

### ON APPLICATION FOR REHEARING.

### GIDEON, J.

The defendant has filed a petition for rehearing.  The ground upon which a rehearing is sought is that this court did not determine one of the questions which induced the district court to make the order setting aside the interlocutory decreee of divorce.

It is the contention of the defendant, that, where a complaint is filed in an action and a summons is thereafter issued and served, it is not such service as will give the court jurisdiction of the, parties, unless a copy of the complaint

is served or delivered to the defendant with the copy of the summons. It is sufficient answer to that contention to state that no provision is found in the Code containing such requirements. A civil action in this state is commenced by filing a complaint with the clerk of the court in which the action is brought, or by the service of summons. Comp. Laws Utah, 1917, section 6538. In the divorce proceedings a complaint was filed with the clerk of the court on July 18, 1919, and summons was personally served on the defendant the same day. A return was made upon the summons and filed with the clerk on July 25, 1919. The court therefore had jurisdiction of both the subject-matter and the parties to the action. As required by section 6546, a copy of the complaint was deposited with the clerk of the district court at the date of filing the original complaint. There is no provision in the statutes requiring a copy of the complaint to be served with the summons in order to constitute a legal service. Section 6546 directs that at the time of filing the original complaint a copy shall be deposited with the clerk for the defendant in each county in which the summons has been served, unless a copy of the complaint has been served with the summons. That section also provides a penalty for failure to deposit the required copies of the complaint.

"Failure to deposit a copy of the complaint is not jurisdictional, but is a mere irregularity." *Lime & Stone Co.* v. *Danley et al.*, 38 Utah, 231, 111 Pac. 652.

"The copy of the complaint is not for the court's information or benefit, but for the information and benefit of the defendant." *Reese* v. *District Court*, 52 Utah, 520, 175 Pac. 602.

It must necessarily follow that failure to serve a copy of the complaint with the summons could in no way defeat or affect the jurisdiction of the court over either the subject-matter or the parties to the action.

Petition denied.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.