## STEVENSON v. STEVENSON.

No. 3448.    Decided June 17, 1920.    (190 Pac. 776.)

1. HUSBAND AND WIFE—SEPARATION DID NOT ABSOLVE HUSBAND FROM
   DUTY TO SUPPORT. The fact that the parties separated did not
   absolve the husband from his duty to support his wife, and did
   not justify refusal to help her during an illness.

2. DIVORCE—WIFE ENTITLED FOR HUSBAND'S WILLFUL REFUSAL TO
   SUPPORT. Where husband and wife separated by agreement,
   and thereafter the husband contributed nothing to the wife's
   support, even during an illness following an operation, the
   wife is entitled to divorce for the husband's wilful and inten-
   tional neglect and refusal to support her.

3. DIVORCE—COURT MAY NOT ARBITRARILY REFUSE DECREE ON STAT-
   UTORY GROUND OF NONSUPPORT. Where the evidence shows a set-
   tled purpose on the part of defendant husband not to support
   plaintiff wife, the court may not arbitrarily refuse to grant her
   a divorce; the cause being statutory.[1]

Appeal from District Court, Second District, Weber
County; *A. W. Agee,* Judge.

Action for divorce by Mildred Stevenson against Harold
Stevenson. From judgment dismissing the action, plaintiff
appeals.

REVERSED, and cause remanded, with directions to enter
decree for plaintiff.

*John A. Sneddon,* of Ogden, for appellant.

*Chez & Barker,* of Ogden, for respondent.

---

[1] *Rasmussen* v. *Call,* 55 Utah 597, 188 Pac. 276.

WEBER, J.

Plaintiff brought this action against defendant for divorce on the ground of nonsupport. She appeals from a judgment dismissing the action.

The parties were married at Farmington, Utah, March 21, 1919. At the time of the trial, December 15, 1919, plaintiff was, and for eight years prior thereto had been, a resident of Weber county. Respondent supported her until June 15, 1919, when he quit work. They continued to live together till July 3, 1919, but the husband did not work during the period between June 15, and July 3, and earned nothing during that time, although solicited by his former employers to re-enter their service. On the last-mentioned date it was agreed between the parties that she go to her mother's and he to his mother's home. He remained out of employment till July 10, contributing nothing to his wife's support. Appellant testified that she was sick during August, following an operation, that she talked with her husband about the operation and asked him for support at that time, but that he refused to contribute anything to her support or to assist her in any way. From July 10 to August 20, 1919, he worked for the Utah Central Railroad Company, but contributed nothing to plaintiff. He did not call upon her during her sickness, and at the time of the trial appellant did not know where he was, had not heard from him, and had received no support from him since the previous June. The plaintiff produced a witness who corroborated material parts of her testimony.

The fact that the parties separated did not absolve the husband from the duty of supporting his wife, and did not justify him in refusing to help her during her illness. He was an able-bodied man, and the undisputed evidence is that he was employed from July 10 to August 20,    1-3 1919, and could have had employment during all of the time he was at Ogden. We think that, under the circumstances of this case and the evidence produced by her, appellant was entitled to a divorce. To the writer it seems clear from the evidence that the respondent had the ability

to support his wife, and that he willfully and intentionally neglected and refused to support her. The statute provides that the marriage contract may be dissolved for various causes, among which is the "willful neglect of defendant to provide for plaintiff the common necessaries of life." When the evidence is sufficient to sustain the charge of willful nonsupport, and it is apparent from the evidence that it is the settled purpose of the husband not to support his wife, as in this case, the court may not arbitrarily refuse to grant a divorce. When the evidence clearly establishes a statutory ground of divorce, the spouse producing such proof is entitled to a divorce as a matter of right. *Rasmussen* v. *Call,* 55 Utah 597, 188 Pac. 276.

Among the findings of fact is one to the effect that since July 3, 1919, plaintiff has refused to live with defendant as his wife. The record contains no evidence that sustains this finding.

For the reasons stated, the judgment of the lower court is reversed, and the cause is remanded, with directions to that court to set aside its findings of fact, conclusions of law, and decree, and to make findings of fact and conclusions of law in favor of plaintiff, and to render and enter a decree accordingly; respondent to pay costs.

CORFMAN, C. J., and FRICK, GIDEON and THURMAN, JJ., concur.