## HUMPHREY v. HUMPHREY.

No. 6231.   Decided May 4, 1940.   (102 P. 2d 315.)

*Thatcher & Young,* of Ogden, for appellant.

*Arthur Woolley,* of Ogden, for respondent.

MOFFAT, Chief Justice.

The plaintiff filed a complaint in the District Court for Weber County for separate maintenance from the defendant, her husband, for support money, and $500 for her costs, expenses and attorney's fees to enable her to prosecute the action. Upon the verified complaint and on action of the plaintiff, the court issued an order to the defendant to appear before the court to show cause, if any he had, why the court should not allot and assign, set apart, decree and require the defendant, from his earnings, to pay to the plaintiff money for her support and maintenance. The order to show cause came on for hearing. The defendant was personally present and represented by his attorney. Evidence was offered, whereupon the court made its order. From this order the defendant appeals. The plaintiff filed a motion to dismiss the appeal upon the grounds that the order is not appealable.

Is this an appealable order?

The defendant's grounds for appeal are that the "defendant cannot possibly comply with the order," that the order was "erroneous but not void," and that the defendant "either has no remedy or else he should have a right to appeal from this order."

If the question were new in this state, the court might hesitate before adopting the view expressed in the case of *In re Kelsey*, 12 Utah 393, 43 P. 106, but the rule in the Kelsey case is well established and has been cited and followed in many instances. In the case of *Rolando* v. *District Court of Salt Lake County*, 72 Utah 459, 271 P. 225, 226, an attorney's fees was granted prior to the entering of a decree and an appeal to amend was taken after there was a settlement of the case. The court held:

"That such an order is not a final judgment and that no appeal lies therefrom has been heretofore decided by this court. *In re Kelsey*, 12 Utah 393, 43 P. 106."

In the case of *Kapp* v. *Kapp*, 31 Nev. 70, 99 P. 1077, 1078, 21 Ann. Cas. 599, the order appealed from was one increasing the alimony pendente lite from $100 per month, as heretofore ordered, to the sum of $200 per month. The Nevada court cited the case of *In re Kelsey*, supra, with approval and stated:

"We think it unnecessary to go into extended discussion of the question, for no 'weighty reason' appears to us for a change in the settled practice at this time, even conceding that, as a question of first impression, respectable authority and logical reasoning may be offered upon both sides. Unquestionably a right of appeal from an order for alimony pendente lite could be made a means of working considerable hardship in many cases. Upon the other hand, it would be only a case of clear abuse of discretion in the trial court, for which an appellant could be relieved. Instances of this kind are doubtless rare.

"It not being clearly apparent that the right of appeal exists, and this court having heretofore held to the contrary, it is our conclusion that the appeal should be dismissed, and it is so ordered."

In the divorce action of *Parsons* v. *Parsons*, 40 Utah 602, 122 P. 907, this court adopted the doctrine that the "inter-

locutory decree" of divorce referred to in the statute, Chapter 109, Session Laws of Utah, 1909, was appealable, and that the time of appeal in divorce actions commenced to run with the date of the "interlocutory decree" but the court construed such "interlocutory decree" as a final judgment. The Parsons' case was followed in the case of *Pike* v. *Pike,* 41 Utah 589, 128 P. 520.

The order from which this appeal was taken is not such an "interlocutory decree" and is not such an order as is appealable.

Appeal dismissed.

LARSON, McDONOUGH, and PRATT, JJ., concur.

WOLFE, Justice.

I concur but I do so with the comment that in asking whether a certain order is appealable we ask not whether we have jurisdiction to entertain such an appeal but whether it falls within the rare class of appeals from an interlocutory order which we will in our discretion entertain. *Attorney General* v. *Pomeroy,* 93 Utah 426, 73 P. 2d 1277, 114 A. L. R. 726. The defendant has a remedy if unreasonably punished for contempt. See *Alexander* v. *United States,* 201 U. S. 117, at pages 121, 122, 26 S. Ct. 356, at page 358, 50 L. Ed. 686, where it is stated:

"In a certain sense finality can be asserted of the orders under review; so, in a certain sense, finality can be asserted of any order of a court. And such an order may coerce a witness, leaving him no alternative but to obey or be punished. It may have the effect and the same characteristic of finality as the orders under review, but from such a ruling it will not be contended there is an appeal. Let the court go farther, and punish the witness for contempt of its order,—then arrives a right of review; and this is adequate for his protection without unduly impeding the progress of the case. * * * This power to punish being exercised, the matter becomes personal to the witness and a judgment as to him. Prior to that the proceedings are interlocutory in the original suit." *Cobbledick* v. *United States,* Feb. 26, 1940, 60 S. Ct. 540, 84 L. Ed. 524. See Crick, The Final judgment as a Basis of Appeal, 41 Yale. L. J. 539.