**Betty L. KESSIMAKIS, Plaintiff and Respondent,**

v.

**Dale M. KESSIMAKIS, Defendant and Appellant.**

No. 14056.

Supreme Court of Utah.

Feb. 25, 1976.

Leon A. Halgren and Robert Ryberg, of Ryberg, McCoy & Halgren, Salt Lake City, for defendant-appellant.

Brant H. Wall, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

The defendant herein signed an entry of appearance and waived time to plead to a complaint seeking a divorce. The original complaint was amended to show proper grounds for a divorce but the property demands were not changed. The defendant again signed an entry of appearance, acknowledged receipt of a copy of the amended complaint, waived time in which to answer, consented that his default might be entered and that plaintiff might be granted the relief prayed for in her complaint.

A hearing was had and on August 28, 1974, plaintiff was granted judgment, not in excess of the prayer of her complaint.

Thereafter, to-wit: On February 19, 1975, the defendant filed a motion to set aside the divorce decree claiming that the plaintiff did not testify correctly regarding

the assets owned by him and that he did not receive a copy of the amended decree, etc.

Utah Rules of Civil Procedure, Rule 60(b), provides that upon motion, the court may in the furtherance of justice relieve a party from a final judgment because of fraud, (whether denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party, provided that the motion is made within three months after the judgment was entered or taken.

■ In this case the defendant made his motion 5⅔ months after the judgment complained of was entered. While it is true that the judgment by its terms did not become final until three months after its entry, there was no other proceeding to be had in order for it to become final. An appeal had to be taken therefrom within one month from the entry of the judgment.[1] The entry of this judgment likewise starts the time to run for filing the motion.

■ The appeal in the instant matter is from the refusal of the trial court to set aside the default which was entered pursuant to the written request of the defendant herein. The request to set aside the default was not timely made and therefore the court had no jurisdiction to set it aside.

■ In addition, the setting aside of a default is largely within the discretion of the trial judge and we can see no abuse of discretion in his refusal to set the matter aside, even if the trial court could have done so.

The principal complaint made by the defendant is that the court imposed upon him a financial burden with which he is unable to comply, and that the plaintiff did not testify truthfully to his wealth and earnings at the time of the hearing. If such be a fact, he is not helpless. He may petition the trial court for a modification of the terms of the decree, if there is a change in circumstances. While his actual earnings now may be the same as they were at the time of the divorce proceeding, neither party can at this late day dispute the findings made by the court at the hearing. If plaintiff's earnings and wealth are now less than what the court found them to be, there is a change of circumstances which would justify a consideration by the court for the need to modify the original decree.

The dissenting opinion filed herein seems to misunderstand the ruling in the case of *Ney v. Harrison*.[2] The language of the ruling is clear and is in accord with this opinion. It states:

■ Rule 60(b) of the Utah Rules of Civil Procedure lists the instances in which a court may, in the furtherance of justice, open a judgment obtained by default. Six specific categories are set forth: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) summons not personally served upon a defendant and defendant has failed to appear; (5) void judgment; (6) satisfaction, release or discharge of judgment, or reversal or vacation of the prior judgment upon which the default was based. In addition, subsection (7) permits the judgment to be opened for "any other reason justifying relief from the operation of the judgment." Relief upon the first four grounds must be sought within three months from entry of the judgment; and upon the others "within a reasonable time." Defendant Alda did not request relief until nearly 11 months had elapsed, and hence the only applicable section of Rule 60(b) upon which she could rely was (7).

While it may be that this court placed its ruling in the *Ney* case upon a basis not urged in the trial of the case, that is no reason to overrule it here.

---

1. *Parsons v. Parsons*, 40 Utah 602, 122 P. 907 (1912); *Johnson v. Johnson* and *Wood v. Wood*, 116 Utah 27, 207 P.2d 1036 (1949); Rule 73, U.R.C.P.

2. 5 Utah 2d 217, 299 P.2d 1114 (1956).

The judgment of the court is affirmed. Costs are awarded to the respondent.

CROCKETT and TUCKETT, JJ., concur.

HENRIOD, Chief Justice (dissenting).

Reluctantly I dissent, not because of the result but for the reason assigned to it by the main opinion: That not having made a motion to vacate under Rule 60(b), within three months after the judgment, the defendant is foreclosed, by motion made in the same action, from asserting any reason, legal or equitable, in support of vacating the judgment.[1]

Right or wrong, this court decided to vacate a judgment in *Ney v. Harrison*,[2] which to date has not been overruled, that *based on an affidavit* supporting a *motion to vacate* filed in the same case (not an independent one) *eleven* months after the judgment was entered, in which affidavit, according to the opinion in that case, "the major ground for relief [3] was that she (defendant) had *mistakenly* [4] believed . . . ." etc. (Emphasis added.)

The main opinion in the *Ney* case, determined it on a basis not prayed for by Mrs. Ney since (7) is "any other reason justifying relief from the operation of the statute." Right or wrong, the *Ney* case, in my opinion, authorizes this court to emasculate the first four reasons of Rule 60(b), energize the last three, supply our own reasons, ignoring pleaded ones, and magically, maybe, to render impotent the Rule itself.

The *Ney* case either should be made dispositive here, or reversed forthwith. I am of the opinion that the devices of fine distinction, labored efforts to reconcile, or even the use of Latin or Pidgin-English would bring no Justinian relief to 60(b),

and the main opinion's suggestion that this writer misunderstands the ruling in such case seems illogical and an approval of relief granted that would surprise counsel for a loser in such case, where he properly and successfully had defended a sole claim asserted only under one section of a statute, only to be met and defeated by an unauthorized defense manufactured by this court in favor of his adversary which he had no opportunity to meet under accepted rules of procedure.

.    .    .    .    .    .

MAUGHAN, Justice, concurs in the result of the views expressed in the dissenting opinion of Mr. Chief Justice HENRIOD.

---

1. The three months limitation applies only to reasons (1), (2), (3) and (4) of the rule, one of which is the basis for the main opinion's conclusion.

2. 5 Utah 2d 217, 299 P.2d 1114 (1956).

3. The minor ground, considered no ground at all by the trial court, had to do with "no notice of judgment,"—leaving one ground only,—that of *mistake*, which is reason No. (1), in the group in Rule 60(b) and footnote 1 supra.

